TRAMMELL v. SOUTHERN RY. CO.

(Circuit Court of Appeals, Fifth Circuit. November 1, 1910.)

No. 2,025.

DEATH (§ 77*)—ACTION FOR WRONGFUL DEATH—SUFFICIENCY OF EVIDENCE—GEORGIA STATUTE.

Evidence, in an action by a mother under Civ. Code Ga. 1895, § 3828, which, as construed by the Supreme Court of the state, authorizes a recovery of damages by a mother for the homicide of a child upon whom she is dependent and who contributes to her support, *held* to justify the direction of a verdict for defendant on the ground that it failed to show that plaintiff was dependent on the deceased.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 77.*]

Shelby, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Northern District of Georgia.

Action by Mrs. F. L. Trammell against the Southern Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Archibald H. Davis, for plaintiff in error.

Sanders McDaniel, Robert C. Alston, and Eugene R. Black, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. This is a suit brought by the mother to recover damages for the homicide of a child, under section 3828, Code Ga. 1895. After taking the evidence, the trial judge charged the jury as follows:

"Gentlemen: This suit is brought under a statute of Georgia, which reads as follows: 'A mother, or, if no mother, a father may recover for the homicide of a child, minor, or sui juris, upon whom she or he is dependent, or who contributes to his or her support, unless said child leaves a wife, husband or child.' This statute has been construed by the Supreme Court of Georgia to read 'upon whom she or he is dependent and who contributed to his or her support.' In other words, they hold that there must be both dependence upon the child, and he must have contributed to the support of the parent who sues.

"I do not think the facts of the present case bring it within this statute. I do not think that Mrs. Trammell has shown herself able to bring this suit under the statute. She has not shown, in my opinion, that she was dependent upon this child that was killed, or that he contributed to her support. Under the law, it is the duty of the husband to support the wife, and under all the evidence here it appears that Dr. Trammell, the husband and father, was doing this in the amplest manner. It is true that the boy worked in the drug store and helped his father in that way, but I do not think that the services rendered in this way to the father can in this indirect manner be held to be a contribution from the boy to the support of his mother. But, whether this be true or not, it cannot be said in any fair sense, under the evidence, that she was dependent on him for support, for, in any view of the evidence in this case, the husband was abundantly able to support her. I do not think this statute was over intended to cover a case like this. It was intended to authorize a recovery by the mother, or, if no mother, by the father, where there was actual dependence, to some extent at least, upon the child for support. I do not believe under the evidence that this fact has been established in this case. This being true, it becomes the duty of the court to control the matter. If I believed there was evidence which would authorize you so to find, I would submit the matter to you for your determination; but, believing there is no such evidence, it becomes my duty to control the matter, and consequently I direct you to return a verdict for the defendant."

On consideration of the evidence, we concur with the trial judge as to the force and effect thereof, and we find no error in the instructions given to the jury, as the dependence proved is too fanciful and remote to come within the statute.

Judgment affirmed.

SHELBY, Circuit Judge (dissenting). This action was brought in the city court of Atlanta by Mrs. Trammell, who sued the Southern Railway Company for damages, alleging the negligent homicide by the defendant company of her minor son. The case was removed into the Circuit Court on the application of the defendant. When it was first tried, the trial judge submitted the case to the jury, but the jury failed to agree, and a mistrial was declared. On the second trial, the court peremptorily directed a verdict for the defendant, and the plaintiff excepted and brings the case to this court, assigning that the lower court erred in directing the verdict. The suit was brought by the mother under section 3828 of the Code of Georgia of 1895 for the negligent killing of her son. The relevant part of the statute, the construction of which is involved, is as follows:

"A mother, or, if no mother, a father, may recover for the homicide of a child, minor or sui juris, upon whom she or he is dependent, or who contrib-

utes to his or her support, unless said child leave a wife, husband or child. Said mother or father shall be entitled to recover the full value of the life of said child."

The learned attorneys for the defendant lay much stress on the fact that the Supreme Court of Georgia, in Clay v. Central Railroad Company, 84 Ga. 345, 10.S. E. 967, construed this section to mean that the mother must be dependent upon the son, and that the son must contribute to her support. The construction relied on changes the word "or" to "and" after the word "dependent." It is interesting to note that Judge Russell, in delivering the opinion of the Court of Appeals of Georgia in Western Union Telegraph Co. v. Harris, 6 Ga. App. 260, 264, 64 S. E. 1123, 1126, commenting on this construction of the statute, observed that it "was somewhat surprising to the writer, as a member of the Legislature of 1887 which passed that act, as it no doubt was to the author of the original bill and others interested in its passage." The Georgia Court of Appeals, in the case just cited, indicates the belief that a more liberal construction of the statute is shown by the Georgia Supreme Court in the case of Central of Georgia Ry. Co. v. Motz, 130 Ga. 414, 61 S. E. 1, and Judge Russell observes that the decision in the later case "is more in accord with the true intention of the General Assembly in the passage of the original act." But it does not appear that the later case was intended to overrule the decision in Clay v. Central Railroad Co., supra, or that it is in irreconcilable conflict with it. Accepting, therefore, the construction of the statute most favorable to the defendant—that "or" should be construed to mean "and"—the general question to be decided is whether or not there was sufficient evidence to carry the case to the jury for it to find (1) whether or not the mother was dependent upon the son, and (2) whether or not he contributed to her support.

The evidence without conflict shows that the mother had no independent means of support. W. O. Trammell testified that his son was 20 years old when killed, and was unmarried; that at that time he was working in his father's drug store, and did about all the work that a clerk could do, filled prescriptions, bought and sold drugs, and looked after the business generally; that his services were worth to the business $75 to $80 a month; that the expense of keeping and boarding the son was $15 or $20 a month; that the difference between his earnings and support went to the support of the family; that his mother, the plaintiff, shared in that support; and that she had no other means of support outside of that derived from the drug business. It was proved that, though the father was a physician as well as a druggist, he did not try to practice, and had no other business besides that of druggist. The father owned a small farm in Alabama; but it was not shown what rental value it had, if any. As to the income from the drug store, the father testified that he kept no accurate account, but that he probably realized from it $250 to $300 a month; that his family was composed of himself, the plaintiff, the son who was killed, another son, and two minor daughters and a niece, all younger than the son who was killed. They all lived together and shared in the support furnished by the proceeds from the drug business. Mr. Trammell estimated the expenses of his family at from $100 to $150 a month. This

was substantially all the evidence bearing on the controverted questions.

The case has been treated on both sides, in oral argument and in the briefs, as dependent on the sufficiency of the evidence to carry the case to the jury on the questions as to whether or not the mother was dependent on the son, and whether or not he contributed to her support.

In examining the cases which construe this statute, one should have in mind that the rule is not the same when the father sues that prevails in actions by the mother. More evidence, and of a different kind, is required to show that the father is dependent than is required to show the dependence of the mother. And in Georgia Railroad Company v. Spinks, 111 Ga. 571, 573, 36 S. E. 855, 856, it was observed that:

"The father cannot sue at all for the value of the child's life if there is a mother, which shows most conclusively, we think, that the individual dependence of the mother or father, as the case might be, was what the Legislature contemplated."

The question as to dependence in the case at bar relates to the mother alone, and the evidence shows that she had no independent means of support, and that she was in fact supported by the proceeds of the drug business conducted by her husband and her son who was killed. In the case last cited, Lumpkin, Presiding Justice, speaking for the court, said:

"A mother without property is an essentially dependent member of a household consisting of her husband, herself, and their children. She may render many valuable services and perform many onerous duties, but when it comes to. obtaining the necessaries of life—food, clothing, fuel, and the other essentials to human existence—she is, in the very nature of things, dependent upon each and every member of the family whose labor produces money or supplies. This is the way in which every humane person regards a mother in such a situation."

The fact that the capital of the father invested in the drug business and his labor contributed also to the support of the plaintiff does not defeat her right of action. It is not the rule that the mother should not recover unless she is wholly dependent for support upon the child who was killed, but, on the contrary, the rule is that the mother may recover for the homicide of her child who contributed to her support if she was in whole or in part substantially dependent upon such child for support. Daniels v. Railway Company, 86 Ga. 236, 237, 12 S. E. 365. This doctrine is repeated in Central of Georgia Railway Co. v. Henson, 121 Ga. 462, 464, 49 S. E. 278, 279, where it is said that it is well settled "that it is not necessary, under this section, that the plaintiff show that he or she depended alone upon the deceased for his or her entire support; but that partial dependence upon the child's labor, accompanied by substantial contribution therefrom to the maintenance of the plaintiff, is sufficient." The evidence unquestionably shows that the mother obtained her support from the profits of the business conducted in part by her son who was killed.

It is urged, as fatal to the right of the mother to recover, that:

"The husband is bound to support and maintain his wife (Code Ga. 1895, § 2477), and that this obligation to maintain her does not rest upon the son."

In Savannah Electric Company v. Bell, 124 Ga. 663, 665, 53 S. E. 109, 111, construing the statute in question here, it was held:

"That it is not necessary, under the statute, that the child contributing to the support of the parent should be under any legal obligation to make the contribution. It is the fact of contribution, and not the legal obligation to make it, that the statute makes the ingredient of the cause of action."

The statutory duty of the husband to maintain the wife is not in conflict with the statutory right of action conferred on the mother.

In Augusta Railway Co. v. Glover, 92 Ga. 132, 18 S. E. 406, it was held that where the father, mother and minor children all resided together and were mutually dependent upon the labor of the family for support, a minor child over 15 years of age, whose labor or the proceeds of it comes into the common stock, is to be considered as contributing substantially to the support of the mother. If the evidence in that case had shown that their joint labor made a few dollars more than was necessary for their support, I cannot think it would have altered the principle. In that case, Bleckley, Chief Justice, speaking for the court, said:

"Members of the same household who live by their common labor and its proceeds have a mutual dependence one upon another. Certainly so unless it be affirmatively shown that a particular member consumes as much, or more, of the common stock than he contributes to it. Even that would not be a conclusive test, for the services of a child to a mother or of a mother to a child may well be reckoned as contributing substantially to the support of the recipient far beyond any money value which the services may have, and the chief element of dependence may be in respect to personal services of this nature."

In the case at bar, it is affirmatively shown that the son who was killed contributed largely more to the common stock than he consumed.

Stress is laid on the fact that the father owned a farm; but in Richmond Railroad Company v. Johnston, 89 Ga. 560, 15 S. E. 908, the mother who was suing "owned a small farm," and that fact was considered no obstacle to her recovery. The fact that the deceased, a minor 20 years old, worked in the drug store without a contract specifying the wages he was to receive, makes no obstacle to recovery by the mother, she being in fact dependent on the proceeds of his labor for support and actually living on the proceeds in part. That such objection should not prevail is shown by Air Line Railway Co. v. Gravitt, 93 Ga. 369, 20 S. E. 550, 26 L. R. A. 553, 44 Am. St. Rep. 145. In that case it was held that:

"Where a boy 11 years old, whose labor was worth $6 per month, and who resided with his parents, worked with his father on a farm and rendered services to his mother about the house in the performance of her household duties, the benefit of his labor and services being thus realized by the parents in the support of themselves and their family, they being laboring people and mutually dependent upon the labor of one another for a support, the mother was dependent upon the boy, and he contributed substantially to her support."

There is no difference in principle whether the boy worked on a farm, in a factory, or in a drug store.

I am of opinion that, if this case had remained in the state courts for trial, the construction placed on the statute in question by the Geor-

gia Supreme Court would have required it to have been submitted to the jury. The defendant should not have been permitted to avoid that result by a removal of the case to the federal court.