## SOUTHERN RAILWAY COMPANY *v.* COVENIA.

1. Although the declaration stated facts showing the tortious killing of the plaintiff's child by the defendant, and alleged that the child "was a boy well formed, precocious and of strong and robust physical powers for a child of his age; that he was physically sound in everÿ respect, and was capable of rendering, and did render, to the plaintiff valuable services, by going upon errands to neighbors residing near to plaintiff's residence; picking up and bringing in coal and chips to make and keep burning fires in the house; bringing the broom and other articles used in house cleaning, to his mother; picking up and carrying out of the house trash and litter, which tended to render untidy in appearance plaintiff's home; watching and amusing plaintiff's younger child, while his wife was engaged in cooking and attending to her household duties, and that these services were worth to the plaintiff the sum of two dollars per month, no cause of action entitling the plaintiff to recover for the child's services was set forth, it being also alleged in the declaration that the child was only one year, eight months and ten days old. The allegations of the declaration should be construed all together, and the courts will take judicial cognizance of the fact that an infant of this age is incapable of rendering valuable services.

2. In such a case the father of the child killed is entitled to recover the expenses necessarily and reasonably incurred in the burial of the child, including compensation for the loss of such time on the father's part as was needed for this purpose.

Argued December 1,—Decided December 17, 1896.

Action for damages. Before Judge Atkinson. City court of Brunswick. May term, 1896.

*Goodycar & Kay,* for plaintiff in error.
*Symmes & Bennet* and *Johnson & Krauss,* contra.

SIMMONS, Chief Justice.

Whatever may be the rule in other jurisdictions, it is well settled in this State that the gist of an action by a parent to recover damages for the death or injury of a minor child is the loss of services. *Shields* v. *Yonge*, 15 *Ga.* 349; *Allen* v. *Atlanta Street Railroad Co.*, 54 *Ga.* 503. The loss of service being the cause of action, it follows that when the infant is incapable of rendering service at the time of its death or injury the parent can not recover. This principle was recognized by the counsel of the plaintiff in the court below, for he alleged in the declaration that the child was capable of rendering service, and also specified what acts of service it did render and the value thereof per month; but in the same declaration it was alleged that the child was but one year, eight months and ten days of age. One of the grounds of the demurrer was that the plaintiff shows by his allegations in his petition that the child "was of such tender years as to be unable to have any earning capacity, and hence the defendant could not be held liable in damages for the killing of said child, even if negligently done." The question is, therefore, squarely made whether the court on demurrer can take judicial cognizance of the fact that a child of this tender age is incapable of rendering such service as would authorize the parent to recover, or whether in such a case the court is bound to submit the matter to the jury. In the case of *Minnesota* v. *Barber*, 136 U. S. 321, Mr. Justice Harlan said: "If a fact alleged to exist, upon which the rights of parties depend, is within common experience and knowledge, it is one of which the courts will take judicial notice." In *Ah Kow* v. *Nunan*, 5 Sawyer, 560, Mr. Justice Field said: "We cannot shut our eyes to matters of public notoriety and general cognizance. When we take our seats on the bench we are not struck with blindness, and forbidden to know as judges what we see as men." In the case of *King* v. *Gallun*, 109 U. S. 99, it was held that "the

court will take judicial notice of matters of common knowledge, and of things in common use." "Courts will take judicial notice of facts generally known as of uniform occurrence, or the invariable action of natural laws." 12 Am. & Eng. Enc. of Law, p. 196.

The fact that a child of less than two years of age cannot perform any services of value to its parent is a matter of common knowledge to all men.   It is as well known to the judge as it is to the jury.   It being so known to the judge, why should he not act upon it when he is called upon to do so by proper pleading?   Why is he less qualified than the jury to declare a well known fact?   Why should he submit such a question to a jury when if they found contrary to this well known fact he would be compelled to set aside their verdict?   Why should he go through the farce of a trial, at the expense of the country in time and money, in order to have a jury decide a fact which is already well known to every one?   There is no necessity for a jury trial when there is no issue of fact.   In our opinion there can be no issue of fact as to the ability of a child two years old to perform valuable services.   Even if the parent should testify that a child of that age could render services of the value of two dollars per month, it would be so inconsistent with every person's knowledge of the incapacity of children of that age to render service, that such testimony would be unworthy of credit.   In the case of Hall *v.* Hollander, 10 Eng. Com. Law Rep. 746, s. c. 4 Barn. & Cress. 660, Bayley, J., in discussing an injury to a child two and a half years old, said: "It is manifest that the child was incapable of performing any service."

All courts of any respectability, so far as I know, decide as a matter of law that children of tender years cannot be guilty of contributory negligence.   Upon what reason are these decisions made?   Upon what theory do the courts hold this as a matter of law?   The answer is apparent.   Because reason, experience and common sense teach that a

child of that age has not the sense or the capacity to contribute to an injury to itself. It cannot at that age be guilty of any negligence. If the courts can decide this as a matter of law, why can they not also decide as matter of law that such a child has no earning capacity? We see no reason why it cannot be done. But it is contended that by the demurrer in the court below it was admitted that the child was capable of rendering service, and that therefore the court was right in overruling the demurrer. The declaration enumerated certain services of the child which it alleged were worth two dollars per month. In passing upon a demurrer to a declaration, the court considers all the allegations therein. The demurrer admits all the facts well pleaded. If all the facts taken together show that the plaintiff is not entitled to recover, the court should sustain the demurrer although some of the facts alleged would show the measure and amount of the damages. If the major premise in the declaration shows no cause of action, the minor premise will not aid in sustaining it. The controlling fact alleged in this declaration was the age of the child, and consequently its incapacity to render service. We have shown that by reason of its tender age it could not perform service for the parent. Conceding for the sake of the argument that the fact alleged in the declaration that the child picked up chips, amused the baby, etc., was admitted by the demurrer, there was still no admission that these simple acts were of any value. The allegation in the declaration that they were valuable to the amount of two dollars per month was an opinion or conclusion of the pleader. It was necessarily an opinion or conclusion, because there was no standard by which services of this sort could be valued. We know as matter of fact that children of this age are not hired or employed. There can, therefore, be no criterion by which the value of such services could be estimated but that of an opinion. It is well settled that a demurrer does not admit opinions or conclusions

4

of the pleader.    If a man, in his action for personal injuries, alleges that he was damaged $10,000.00, and there is a demurrer to the declaration, the demurrer does not admit the amount of damages claimed.    Moreover, a demurrer does not admit facts which are in their nature improbable or impossible.    In the case of Cole *v.* Maunder, 2 Rolle's Abridgement, 548, one person sued another for damages for throwing at and striking him with a stone.    Defendant pleaded that he threw the stones at him *molliter et molli manu* and they fell upon him *molliter*, and it was held not a good justification, the judges saying that one cannot throw stones *molliter* although it were confessed by demurrer.

Suppose this child had been only six months old and these same allegations as to service and value had been made, it could not be held that a demurrer to the declaration admitted that the child six months old could render service. The allegation would have been improbable and impossible. Suppose that a boy five years old were indicted for the crime of rape, all the necessary allegations being made, certainly a demurrer to such an indictment would not admit that the boy did or could commit the offense charged. Suppose again that one female should sue another for the offense of seduction and the declaration contain all the necessary allegations, would it be held that a demurrer by the defendant would admit that she did commit the act necessary to constitute the crime?    These illustrations are given for the purpose of showing that a demurrer to a declaration cannot be held to admit impossible or improbable allegations of fact, so as to prevent the court from passing upon the allegations which in their nature are contrary to common experience and common knowledge as matter of law, and to compel him to submit them to a jury.    We think, therefore, that the court should have sustained the demurrer, in so far as to hold that the parent could not recover damages for the death of the child on account of loss of its services.

2. It is well settled, that although a parent cannot recover damages for the death or injury of his child unless the child was capable of rendering service, he can recover in an action against the person who inflicted the injury, for his trouble and expense in caring for the child, and if it dies from the injuries inflicted, he can recover his necessary and reasonable expenses in the burial, including compensation for the loss of such time on the parent's part as was needed for this purpose. See Dennis v. Clark, 2 Cushing, 347, where this subject is elaborately discussed by Metcalf, J. We therefore hold that while the father in this case cannot recover for the death of his child, he can recover for the expenses he incurred and the loss he sustained, rendered necessary by the conduct of the servants of the railroad company, and on this latter ground we affirm the judgment of the court below. If it is necessary, let this part of the declaration stand in order to try the amount of expenses necessarily incurred by the father.

*Judgment affirmed, with direction.*

ATKINSON, Justice.

I dissent from the judgment as rendered. There should be an affirmance without qualification.