### ATLANTA CONSOLIDATED STREET RAILWAY COMPANY v. ARNOLD.

This case, in principle, is controlled by the decision rendered by a majority of this court, as then constituted, in the case of *Southern Ry. Co.* v. *Covenia*, ante, 46, which decision is now adhered to as correct. It follows that the court erred in not sustaining the demurrer to the declaration, and, this being so, the trial and its result were nugatory and void.

Argued January 12,—Decided March 12, 1897.

Action for damages. Before Judge Reid. City court of Atlanta. July term, 1896.

*N. J. & T. A. Hammond,* for plaintiff in error.
*Arnold & Arnold* and *B. H. & C. D. Hill,* contra,

FISH, Justice.

This case, in principle, is controlled by the decision of the majority of this court, as then constituted, in the case of *Southern Railway Co.* v. *Covenia,* ante, 46, which decision is now adhered to as correct. In that case, as in this, a father sought to recover damages for the death of his infant child, alleged to have been killed by reason of the negligence of a defendant corporation, and alleged that the child was able to and did render certain specified services, which were worth so much per month, the character of the alleged services being, in the two cases, much the same. In the *Covenia* case, the plaintiff's petition alleged that the child killed was one year, eight months and ten days old; in the present case the allegation is that the child was between two and a half and three years old. There was a demurrer in the first case upon the ground that the plaintiff, by the allegations in his petition, showed that the child "was of such tender years as to be unable to have any earning capacity, and hence the defendant could not be held liable in damages for the killing of said child, even if negligently done." The trial court overruled that demurrer, and this court held such ruling to be erroneous, and that "the courts will take judicial cognizance of the fact that an infant of [such] age is incapable of rendering valuable services." In the case which we have now under consideration, there was a demurrer to the plaintiff's petition, two grounds of which were, (1) that the petition was "insufficient in law, for that it does not state any valid cause of action against the defendant"; (2) "that the child in said declaration mentioned being under three years of age is in law presumed to have been unable to render any service." So the same question was made by demurrer in both cases. The difference in the ages of the children in the two cases

is not sufficient to authorize the application to this case of a principle different from the one which controlled the decision in the other. The reasons given by Chief Justice Simmons, in the opinion in the *Covenia* case, for taking judicial cognizance of the fact that a child less than two years old is incapable of rendering "such services as would authorize the parent to recover" for the loss of them, are equally applicable in a case where the child, for whose death a recovery is sought, is alleged to have been between two and a half and three years of age. It follows that the court erred in not sustaining the demurrer to the declaration, and, this being so, the trial and its result were nugatory and void.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., disqualified, and Atkinson, J., dissenting.*