## JAMES *v.* CENTRAL OF GEORGIA RAILWAY CO.

1. It can not be said, as a matter of law, that a child two years, ten months, and twenty days old, who was alleged to be "a precocious child, capable of and did run errands for petitioner; was strong and robust, with unusual physical powers for a child of his age; and did render and was capable of rendering services to petitioner that were at the time worth five dollars per month," etc., was so incapable of performing such valuable services that a defendant corporation would not be liable in damages for the homicide of such child, if it be shown on the trial , of the case that the killing was tortious and not justified.
   (*a*) In such case the trial judge should not take judicial cognizance of the fact that such child is incapable of performing valuable services.
   (*b*) In cases of doubt as to whether a child of tender years is capable of performing valuable services, the court should submit the question of the ability of such child to perform valuable services to the jury for their determination under all the evidence submitted.
2. The court did not err in sustaining the demurrer to the petition, which seeks to recover for the funeral expenses, unless the plaintiff would file an amendment within thirty days from the date of the judgment, setting forth in detail the expenses incurred.

                            JULY 11, 1912.

Action for damages. Before Judge Freeman. Meriwether superior court. September 1, 1911.

*Lawton Nalley,* for plaintiff.

*Charlton E. Battle* and *Howell Hollis,* for defendant.

HILL, J.  B. F. James, hereinafter called the plaintiff, brought suit against the Central of Georgia Railway Company, hereinafter called the defendant, for the homicide of his minor child, alleged to be two years, ten months, and twenty days old, which he alleges was negligently killed by one of the defendant's railway trains. It was alleged that the "son was a precocious child, capable of and did run errands for petitioner; was strong and robust, with unusual physical powers for a child of his age; and did render and was capable of rendering services to petitioner that were at the time worth five dollars per month, and said son's services would have become more valuable to petitioner as the said child lived out the remnant of his minority." It was further alleged, that, by reason of the child being killed under the circumstances alleged in the petition, the "petitioner was put to the expense of one hundred and four dollars as funeral expenses." There were allegations of negligence, and of the circumstances of the homicide, that need not be here set forth.

The defendant demurred generally and specially to so much of the petition as sought to recover for the loss of the child's services, on the ground that the child by reason of its age was incapable of rendering valuable services. A special demurrer attacked the general allegation that the funeral expenses were one hundred and four dollars, and asked that the expenses be itemized. The court rendered the following judgment on the general and special demurrers: "It is considered, ordered, and adjudged, that the general and special demurrers be and the same are hereby sustained to that portion of plaintiff's petition which seeks to recover for the loss of services of the plaintiff's child, and said portions of petition are hereby ordered stricken. But the general demurrer, directed to that portion of plaintiff's petition which seeks to recover for funeral expenses, is overruled, provided that the plaintiff shall within thirty days file an amendment setting forth in detail the expenses incurred, in which event the special demurrer to the 7th paragraph will also be overruled, in so far as said paragraph relates to funeral expenses. Otherwise, said special demurrer will be sustained. The effect of this judgment is intended to be to deny to the plaintiff the right to proceed for the value of the loss of services of the child, but to proceed for the funeral expenses, upon proper amendment." The plaintiff failed to amend his petition in conformity to the judgment of the court, and brings the judgment of the trial court here for review.

1. The question to be determined here is, shall we hold, as a matter of law, that a child lacking forty-one days of being three years old, and who was alleged to be very precocious, and capable of rendering services worth $5 per month, was incapable of performing valuable services? or, whether the question is so doubtful as that it should be remanded to the realm of facts for the jury to determine. The determination of the question is not without difficulty. In the case of *Southern Railway Co.* v. *Covenia,* 100 *Ga.* 46 (29 S. E. 219, 40 L. R. A. 253, 62 Am. St. R. 312), it was held, where a child one year, eight months, and ten days old was alleged to have been tortiously killed by the defendant company, that "the courts will take judicial cognizance of the fact that an infant of this age is incapable of rendering valuable services." It was also held in the same case, that "the father of the child killed is entitled to recover the expenses necessarily and reasonably incurred in

the burial of the child, including compensation of the loss of such time on the father's part as was needed for this purpose." In the case of *Atlanta &c. Ry. Co.* v. *Arnold,* 100 *Ga.* 566, 568 (28 S. E. 224), this court, in an opinion delivered by Mr. Justice (now Chief Justice) Fish, said: "The reasons given by Chief Justice Simmons, in the opinion in the *Covenia* case, for taking judicial cognizance of the fact that a child less than two years old is incapable of rendering 'such services as would authorize the parent to recover' for the loss of them, are equally applicable in a case where the child, for whose death a recovery is sought, is alleged to have been between two and a half and three years of age." In the case last cited, the allegation was that "the child was between two and one half and three years of age." No definite age was given. The familiar rule, therefore, that the pleadings will be construed most strongly against the pleader was applicable, and it must be presumed that in that case the child was nearer two and a half years of age than otherwise. The decision from which the quotation is just made does not go to the extent of holding that a child of three years of age and under is incapable of rendering valuable services. In the case of *Crawford* v. *Southern Ry. Co.,* 106 *Ga.* 870 (33 S. E. 826), where suit was brought for the alleged negligent homicide of plaintiff's daughter four and a half years old, this court held, "The question whether a particular child of such age was capable of rendering any valuable service to its father should be left to a jury to determine in the light of the evidence submitted upon this point." And see *Sugarman* v. *Atlanta &c. Ry. Co.,* 94 *Ga.* 604 (21 S. E. 581). So it will be seen that this court has held that courts will take judicial cognizance of the fact that children one and one half, and children about two and one half years old, are incapable of performing valuable services, and that their parents, on their being tortiously killed by a railroad company, can not recover for loss of such services. This court has also held (in the *Crawford* case, supra), where a child four and a half years of age was killed by a railroad company, that the question whether a child of that age was capable of rendering any valuable services to its father should be left to a jury to determine in the light of the evidence submitted on this point. Where, then, is the line of demarkation between the various ages of children at which a court can say, as a matter of law, that they can not render valuable services? No

27

fixed, arbitrary age ought to be established, except as a child's age remains near birth. But as it gets farther and farther away, what should be the rule? No arbitrary or absolute rule ought to be laid down, and no definite age fixed. Children vary so in point of physical development, strength, energy, intelligence, and precociousness, that no unvarying age limit should be fixed at which it can be said, as a matter of law, that a child can not perform for its parent such valuable services as would entitle him to recover damages in case of the tortious killing of the child.

We think the safer rule to be that where the question of the ability of the child to perform valuable services is involved, and the court is doubtful, the jury should pass upon it. It is only in cases where it is beyond question that the child is so young that it can not perform valuable services that the trial judge should so hold. But we can not say in the present case, where the child is alleged to have been practically three years old, precocious, and able to perform services which, if rendered, were valuable, that they were not such as a matter of law. It was alleged in the petition that "Said son was a precocious child, capable of and did run errands for petitioner; was strong and robust, with unusual physical powers for a child of his age; and did render and was capable of rendering services to petitioner that were at the time worth five dollars per month, and said services would have become more valuable to petitioner as the said child lived out the remnant of his minority." On demurrer, for the purposes of the argument, this must be taken to be true. It is true "that which is judicially known need not be proven," and that "judicial notice takes the place of proof, and is of equal force." See 31 Cyc. 337; *Griffin* v. *Augusta &c. R.*, 72 *Ga.* 423 (2-d). But while it is true that there is a point where the court can say a child can not render valuable services, there must also be some line of demarkation where the court must stop short of saying the child can not perform valuable services, and permit the jury to say, under all the evidence, whether the child is capable of rendering valuable services or not. And especially is this true where it is alleged that the child was precocious and was capable of rendering and did render valuable services to its parent. It is within common knowledge that some children are more precocious than others, and can walk, talk, and develop their mental and physical powers at a much earlier age than

others.  The biographies of the great musicians and musical prodigies, as well as those of artists and scientists and others, are well known to many readers.  It is said of Beethoven, that he could play upon the piano at three years of age, and at twelve presided at the chapel organ, and at thirteen was a member of the orchestra at the court theater.  Mozart, another of the world's greatest musicians, was being instructed in music at the age of three, "and shared the harpsichord lessons of his sister, Maria, five years his senior," and at the age of five had composed some simple pieces of music.  Encyclopædia Brittanica (Mozart).  Robert Alexander Schumann was a composer at seven; and Louis Spohr could sing duets with his mother at four years of age and play the violin at five.  Numerous instances will call themselves to mind where precocious children of tender years, in all the walks of life, have shown very early capacity for performing not only manual services, but rare mental efforts.  Where the line should be drawn, no arbitrary rule can determine rightly.  In this view, we think in doubtful cases, as already said, that the jury should be left to say, under all the evidence submitted, at what age a child of tender years is capable of performing such valuable services for the parent as would entitle the latter to recover for the loss of the same in case the killing of the child is shown to be wrong and tortious.

2.  The court did not err in sustaining the demurrer to that portion of the petition which sought to recover for the funeral expenses of the child, unless the plaintiff would file an amendment within thirty days from the date of the judgment, setting forth in detail the expenses incurred.

*Judgment reversed.  All the Justices concur, except Fish, C. J., and Beck, J., dissenting.  Evans, P. J., concurs dubitante.*

Fish, C. J., and Beck, J., dissenting from the ruling made in headnotes 1, (a), cite *Southern Ry. Co.* v. *Covenia,* 100 *Ga.* 46; *Atlanta etc. Ry. Co.* v. *Arnold,* 100 *Ga.* 566.