5742.   CRENSHAW v. LOUISVILLE AND NASHVILLE RAILROAD COMPANY et al.

Under the decisions of the Supreme Court, there is in Georgia a conclusive legal presumption that an infant less than two years old is incapable of performing services of value to the parent, for which a recovery can be had in case of the tortious homicide of the infant.   Beyond that age it may be a matter for determination by the jury whether the infant is capable of rendering valuable services.

DECIDED SEPTEMBER 11, 1914.

Action for damages; from city court of Madison—Judge Anderson.   April 13, 1914.

Middlebrooks & Burruss, for plaintiff.
Joseph B. & Bryan Cumming, E. W. Butler, F. C. Foster, for defendants.

WADE, J.   T. S. Crenshaw Jr. brought suit against the Louisville and Nashville Railroad Company et al., lessees of the Georgia

Railroad, for the killing of his child, a boy, alleged in the petition to have been two years and two months old when killed, but shown by the proof at the trial to have been only one year, ten months, and nine days old. The evidence of the plaintiff showed that the child began walking when eight months old, and was not unusually developed for a child of his age, but was an ordinary, healthy child, of about the same size as other children of the same age; that he was active and "as smart as he could be," and that he would go out of doors and bring in five or six sticks of stove-wood at a time for his mother, and would do anything his mother told him to do, and bring her anything in the house that he could carry; that he would bring water to her to drink, and could help her about the family washing, bringing chips and wood; that in the fall of the year preceding his death, which occurred in February, he picked cotton every day, going to the field with his mother and with the plaintiff, and must have picked 100 pounds in all; that it was worth 50 cents to pick that quantity; that at the time he was killed his services were worth to the plaintiff (who was a blacksmith and a farmer) at least $1 per month. The child was struck by a railroad-train of the defendants, which was running at a high rate of speed, and he died on the same day, and the plaintiff expended between $25 and $30 for his burial. The mother of the child testified to the same general effect, but fixed the value of his services to the father at $2 per month, for picking cotton, and bringing in wood, water, etc. She stated that he began walking in May of the year preceding his death, and that he picked cotton in the fall of that year, and would pick probably two or three pounds per day; that he wore dresses, which she and her daughters had to pin or button on him, and also wore diapers; that he could bring his mother water in a dipper, if the water was where he could reach it, and was "a smart child for his age." The child went to the railroad when he was unobserved by the family, and was standing in the middle of the track when the engine struck him. A neighbor of the plaintiff testified that he lived close to the home of the plaintiff, and saw the child in the father's cotton-patch during the fall before he was killed, but never noticed whether he was picking cotton. The grandfather of the child testified that he saw all of his son's children in the cotton-patch during the preceding fall, and all were picking cotton, including the deceased child. Another witness for

the plaintiff testified that in his opinion a child 18 or 20 months old could not pick much cotton, but might pull out a little and waste it on the ground, and could bring in one or two small sticks of wood; that a child 23 months old could not take care of itself, according to his knowledge as to his own children, and not as to the habits of children of other people in the community. This is all the evidence that is material for the determination of the case. The defendants' counsel moved that the court direct a verdict for the plaintiff, for the sum of $31.30, burial expenses, which the defendants admitted that the plaintiff was entitled to recover; and that the court direct a verdict in favor of the defendants as to all the other elements of damage alleged in the plaintiff's petition; which the court did, over the objection of the plaintiff. The plaintiff excepted, alleging that the court erred in directing the verdict, because the undisputed evidence showed that the child rendered valuable services to the plaintiff; and insisted that the jury should have been allowed to determine whether the services of the child were of any actual value to the plaintiff.

Under the provisions of the Civil Code, § 4412, "every person may recover for torts committed to himself, or his wife, or his child, or his ward, or his servant." Our Supreme Court has held that the torts contemplated by this section belong to that class of torts for which damages could have been recovered at common law for the loss of the services of a wife, child, ward, or servant (*Chick* v. *Southwestern R. Co.,* 57 *Ga.* 357, 360), and that the section should be construed in the light of the common law of force in this State, since it is declaratory of that law. *Allen* v. *Atlanta Street Railroad Co.,* 54 *Ga.* 503; *Bell* v. *Central Railroad,* 73 *Ga.* 521; *Frazier* v. *Georgia Railroad Co.,* 101 *Ga.* 72 (28 S. E. 684). Under the common law a father may sue for injuries to his minor son, just as he might sue for injuries to a servant, if the son be old enough to render services of value. *Shields* v. *Yonge,* 15 *Ga.* 349 (60 Am. D. 698); *Allen* v. *Atlanta Street R. Co.,* 54 *Ga.* 505; *Chick* v. *Southwestern R. Co.,* 57 *Ga.* 358; *McDowell* v. *Georgia Railroad,* 60 *Ga.* 321; *Central R. Co.* v. *Brinson,* 64 *Ga.* 475; *Southern Railway Co.* v. *Covenia,* 100 *Ga.* 46 (29 S. E. 219, 40 L. R. A. 253, 62 Am. St. R. 312); *Amos* v. *Atlanta Railway Co.,* 104 *Ga.* 809-811 (31 S. E. 42). A father may sue where he loses the services of a child on account of any trespass done or any damage sus-

tained, and may also sue for any expenses incurred which result from the injury complained of. *Central Railway Co.* v. *Brinson, supra*. It is well settled that the loss of services of a child by the parent is the basis without which there would be no cause of action, and, since it is the source of damage, it is, as to the father, the gist of the action, and the rights of the parties must be established by the law applicable under like circumstances between master and servant. See *Allen* v. *Atlanta Street R. Co., Amos* v. *Atlanta Railway Co., Southern Railway Co.* v. *Covenia, Frazier* v. *Georgia Railroad Co., supra*.

In an action by a parent for the homicide of a child, it must, therefore, be alleged and shown that the homicide resulted in loss to the parent of the services of the child. Where the petition alleges merely that the child has been killed by the negligence of a railroad company, whereby the plaintiff is damaged, no cause of action is set out, and there is nothing to amend by. *Bell* v. *Central Railroad, supra*. The loss of services being the basis of the cause of action, it follows, as a necessary consequence, that if the child is incapable of rendering services at the time of the injury or homicide, the parent can not recover.

In *Southern Railway Co.* v. *Covenia, supra*, Chief Justice Simmons says, speaking for the court, that "whatever may be the rule in other jurisdictions, it is well settled in this State that the gist of an action by a parent to recover damages for the death or injury of a minor child is the loss of services. . . The loss of service being the cause of action, it follows that when the infant is incapable of rendering service at the time of its death or injury, the parent can not recover." So much is conceded by able counsel for the plaintiff in error, and the sole question for our determination is whether, as a matter of law, a child less than two years old is incapable of rendering services of value to the parent; for if this be true, then the action of the trial judge in directing a verdict which limited the plaintiff's recovery to the sum conceded to be due for burial expenses was proper, and affords no ground for a reversal. In the case of *Allen* v. *Atlanta Street R. Co., supra*, the child for whose homicide the suit was brought was but two years old, and the court held that he was incapable of rendering any service at the time the alleged tort was committed, and hence no recovery could be had. In the case of *Southern Railway Co.*

**v.** *Covenia,* already referred to, it appeared from the petition of the plaintiff that the child killed by the tortious act of the defendant "was a boy well formed, precocious, and of strong and robust physical powers for a child of his age; that he was physically sound in every respect, and was capable of rendering, and did render, to the plaintiff valuable services, by going upon errands to neighbors residing near to plaintiff's residence; picking up and bringing in coal and chips to make and keep burning fires in the house; bringing the broom and other articles used in house cleaning, to his mother; picking up and carrying out of the house trash and litter, which tended to render untidy in appearance plaintiff's home; watching and amusing plaintiff's younger child, while his wife was engaged in cooking and attending to her household duties, and that these services were worth to the plaintiff the sum of two dollars per month." And on demurrer, which set up that the child was shown by the petition to be of such tender years as to have no earning capacity, and therefore the defendant could not be held liable in damages for the killing of the child, even if negligently done, the court held that no cause of action which entitled the plaintiff to recover for the child's services was set forth; since the courts would take judicial cognizance of the fact that an infant of the age alleged in the petition—one year and eight months—was incapable of rendering valuable services. In the decision the Chief Justice said further: "The fact that a child of less than two years of age can not perform any services of value to its parent is a matter of common knowledge to all men. It is as well known to the judge as it is to the jury. It being so known to the judge, why should he not act upon it when he is called upon to do so by proper pleading? Why is he less qualified than the jury to declare a well known fact? Why should he submit such a question to a jury when if they found contrary to this well known fact he would be compelled to set aside their verdict? Why should he go through the farce of a trial, at the expense of the country in time and money, in order to have a jury decide a fact which is already well known to every one? There is no necessity for a jury trial when there is no issue of fact. In our opinion there can be no issue of fact as to the ability of a child two years old to perform valuable services. Even if the parent should testify that a child of that age could render services of the value of two dollars per month, it would be so in-

consistent with every person's knowledge of the incapacity of children of that age to render service, that such testimony would be unworthy of credit." That case was decided on demurrer, which in legal effect admitted the truth of the allegations made in the petition, so that in this particular the ruling on the demurrer in the *Covenia* case, where the facts alleged are practically identical with the facts proved in the present case, is of necessity controlling. Again, it was said by the Chief Justice in that case: "The allegation in the declaration that [the services] were valuable to the amount of two dollars per month was an opinion or conclusion of the pleader. It was necessarily an opinion or conclusion, because there was no standard by which services of this sort could be valued. We know as a matter of fact that children of this age are not hired or employed. There can, therefore, be no criterion by which the value of such services could be estimated but that of an opinion. It is well settled that a demurrer does not admit opinions or conclusions of the pleader. . . Moreover, a demurrer does not admit *facts* [italics ours] which are in their nature improbable or impossible."

The doctrine laid down in the *Covenia* case was adhered to in the case of *Atlanta Consolidated Street Ry. Co.* v. *Arnold,* 100 *Ga.* 566 (28 S. E. 224), in which it appeared from the petition that the child for the loss of whose services the suit was brought was under three years of age. It was held that the difference between that age and the age of the child in the *Covenia* case was not sufficient to authorize the application of a principle different from the one that controlled the decision in that case; and Justice Fish, delivering the opinion of the court, said: "The reasons given by Chief Justice Simmons, in the opinion in the *Covenia* case, for taking judicial cognizance of the fact that a child less than two years old is incapable of rendering 'such services as would authorize the parent to recover' for the loss of them, are equally applicable in a case where the child, for whose death a recovery is sought, is alleged to have been between two and a half and three years of age. It follows that the court erred in not sustaining the demurrer to the declaration, and, this being so, the trial and its result were nugatory and void." It is true that in the case of *Crawford* v. *Southern Railway Co.,* 106 *Ga.* 870, 879 (33 S. E. 826), the court said that "the question whether a child of this age [four and a half

years] was able to render any valuable service should be left to a jury to decide, in the light of the evidence submitted in a given case;" and in the same decision the court said further: "It is easy enough for a court to decide, as a matter of law, that any child of a given age is incapable of rendering valuable services, notwithstanding the allegations of a petition may be to the contrary, where the age in question is such that, according to all human observation and experience, it would be utterly preposterous to believe that a child who had not passed beyond that age could render such services. For instance, no sensible man believes that any child only a year old can perform service of value to its parents. But by gradually increasing the age we must, sooner or later, arrive at an . age which is debatable ground, where reasonable minds will differ in opinion upon the question whether any child of that particular age can render service of pecuniary worth. Just when that debatable ground will be reached it is, in the very nature of things, impossible to determine. When the line is reached where it seems possible that reasonable minds may begin to differ upon this question, the only safe course for a court to pursue is to leave the determination of the question to a jury." But the court in that decision referred expressly to the *Covenia* case and the *Arnold* case, and said: "In one case (*Southern Railway Co.* v. *Covenia,* 100 *Ga.* 46) this court thought it perfectly safe, and in entire accordance with the observation and experience of all sensible men, to hold that a child under two years of age can not have sufficient capacity to render services which can be estimated in money; and in another case (*Atlanta Consolidated Street Railway Co.* v. *Arnold,* 100 *Ga.* 566) the same conclusion was reached with reference to a child less than three years old." Construing these several decisions together, it appears that the Supreme Court has definitely committed itself to the proposition that a trial court may take judicial cognizance of the fact that a child of less than two years of age is incapable of rendering services of value. This doctrine, in effect first held in *Allen* v. *Atlanta Consolidated Street R. Co.,* supra, was unequivocally announced in the *Covenia* case, reasserted in the *Arnold* case, and reaffirmed distinctly in the *Crawford* case, supra; and we have not been able to discover any holding of the Supreme Court at variance with it.

In the case of *James* v. *Central of Georgia Ry. Co.,* 138 *Ga.* 415

(75 S. E. 431, 41 L. R. A. (N. S.) 795, 29 Ann. Cas. (1913D) 468), the Supreme Court held that a child who was able to run and did run on errands for the plaintiff, and was strong and robust, with unusual physical powers for his age, was not as a matter of law incapable of rendering services, and the court said, as was said in the *Crawford* case, supra, that in doubtful cases the jury should be left to say, under all the evidence submitted, at what age a child of tender years is able to perform such valuable services for a parent as would entitle the parent to recover for the loss of the same in case the killing of the child is shown to be wrong and tortious, and that "it is only in cases where it is beyond question that the child is so young that it can not perform valuable services that the trial judge should so hold." But in the same case the court referred to the *Covenia* case, and the *Arnold* case, supra, and recognized the rule laid down in the first named of these two cases, that a child less than two years old is incapable of rendering such services as would authorize the parent to recover for the loss of them.

The court there said: "It will be seen that this court has held that courts will take judicial cognizance of the fact that children one and one half, and children about two and one half years old, are incapable of performing valuable services, and that their parents, on their being tortiously killed by a railroad company, can not recover for loss of such services." The court called attention to the fact that the child in the *Arnold* case was alleged to be "between two and a half and three years of age," and said that according to the familiar rule as to the construction of pleadings, it must be presumed that the child was nearer two and a half years of age than otherwise, whereas the child in the *James* case was nearly three years old—being two years, ten months, and twenty days old, and unusually precocious. Nowhere is it suggested in the *James* case that the Supreme Court receded from the doctrine laid down in the *Covenia* case; and besides, in the case now being determined, it does not appear, from the evidence, that the child was unusually precocious, and no other facts appear which would serve to distinguish this case from the *Covenia* case. Even if the later decisions of the Supreme Court were in conflict with the *Covenia* case, unless it were expressly overruled, we would, under the familiar rule, be bound by the older decision; but it appears to us that

the doctrine asserted in the *Covenia* case is either directly or in effect sustained by all the later cases above cited, and by all other cases from that court which touch upon the question.

Without implying that this court entertains any different idea as to the rule which should control where suit is brought on account of the homicide of a child of very tender years, we may conclude the matter by saying that the several rulings of the Supreme Court are binding upon this court, and we could not lay down a different rule or extend the one already established, even if we thought the ends of justice would be better subserved thereby. If the allegations made by the plaintiff in the *Covenia* case were insufficient to withstand a general demurrer, it follows that proof of practically the same facts in the instant case as were alleged in that case could not sustain a verdict in behalf of the plaintiff, had the court submitted the matter to the jury and had the jury determined the issue against the defendants—the child in each case being less than two years old.          *Judgment affirmed.   Roan, J., absent.*