# HOLMES *v.* SOUTHERN RAILWAY COMPANY.

1. The decisions in *Southern Ry. Co.* v. *Covenia*, 100 *Ga.* 46 (29 S. E. 219, 40 L. R. A. 253, 62 Am. St. R. 312), and *Atlanta Con. St. Ry. Co.* v. *Arnold*, 100 *Ga.* 566 (28 S. E. 224), rendered by a majority of the Supreme Court, were not in terms modified by the ruling in *James* v. *Central of Georgia Ry. Co.*, 138 *Ga.* 415 (75 S. E. 431, 41 L. R. A. (N. S.) 795, 29 Ann. Cas. (1913D) 468); nor was there such necessary inconsistency between the two former rulings and that last mentioned that they were by force thereof modified; but they remain as decisions of a majority of the Supreme Court, and therefore as precedents to be followed by the Court of Appeals.

2. Where in a suit by a parent for damages on account of loss of services of a child two years and four months old, alleged to have been negligently killed by a railway train, it was alleged that the child was precocious, strong, robust, and endowed with unusual physical powers for a child of her age, that she ran on errands, helped bring in wood, swept the house, helped to attend to plaintiff's younger child, and generally waited on plaintiff and helped in the household work, and contributed to the support of plaintiff, and that the latter was dependent upon her, and that the value of the child's services was $3.00 per month, to which petition a demurrer was filed,—if considered as an original proposition, the members of this court are equally divided in opinion as to whether a court can judicially know that the facts thus alleged are as matter of law untrue, because so unreasonable as to be legally impossible. Under this division of opinion, the decision in *Atlanta Consolidated St. Ry. Co.* v. *Arnold*, supra, stands as a decision of a majority of this court. It involved a child alleged to be between two and a half and three years of age (which was construed by a

majority of the court, in the case of *James* v. *Central of Ga. Ry. Co.,* supra, as being equivalent to an allegation that the child was about two and a half years old). This includes the lesser age of two years and four months.

MAY 10, 1916.

Certified questions; from Court of Appeals (Case 6024).

The Court of Appeals has certified to the Supreme Court for decision the following questions:

1. Are not the rulings in *Southern Railway Co.* v. *Covenia,* 100 *Ga.* 46, and *Atlanta Consolidated Street Railway Company* v. *Arnold,* 100 *Ga.* 566, modified by the ruling in *James* v. *Central of Georgia Railway Company,* 138 *Ga.* 415, so that where the petition, in a suit by a parent for damages on account of loss of services of a child two years and four months old, alleges that the child was "precocious, strong, robust, and endowed with unusual physical powers for a child of her age," "ran on errands, helped bring in wood, swept the house, helped to attend to petitioner's child younger than the deceased, and generally waited on petitioner, and helped in the household work, doing all of those innumerable little things to be done in a home which a child can do as effectively, or more so than a grown person," and "contributed to petitioner's support, and petitioner was dependent upon her," and that the child's services were "of the value of $3 per month," the trial court can not, as a matter of judicial knowledge, adjudge that the child is incapable of rendering "such services as would authorize the parent to recover for the loss of them, due to the tortious homicide of the child?"

2. Under the ruling in *James* v. *Central of Georgia Railway Company,* supra (pages 415-418), is it not the duty of the trial judge, under such allegations as above quoted (which upon demurrer must be presumed to be true), to submit to a jury the question as to whether the child did in fact perform the services alleged, and whether they were of value?

3. Can a court judicially know that the facts thus alleged, and by demurrer admitted to be true, are as a matter of fact untrue, because so unreasonable as to be legally impossible?

*J. M. Bleckley* and *Roberts & Smith,* for plaintiff.

*Eschol Graham,* for defendant.

HILL, J. The constitution declares: "The decisions of the Supreme Court shall bind the Court of Appeals as precedents."

Art. 6, sec. 2, par. 9 (Civil Code of 1910, § 6506). This applies not only to cases in which the Supreme Court renders a unanimous decision, but also to those in which the decision is by a majority of the court. A decision rendered by the Supreme Court prior to January 1, 1897, and concurred in by three Judges or Justices, can not be reversed or materially changed except by the concurrence of at least five Justices. Unanimous decisions rendered after said date by a full bench of six shall not be overruled or modified except with the concurrence of six Justices, and then after argument had in which the decision, by permission of the court, is expressly questioned and reviewed. Civil Code, § 6207. The rule just above stated does not apply to a decision of the Supreme Court not concurred in by the entire bench. Such decisions may be modified or altered by a majority of the Justices of the Supreme Court, or may be compelled to yield to later decisions in conflict with them; but while they stand unchanged they are decisions of the Supreme Court which furnish precedents for the Court of Appeals.

In *Southern Railway Co.* v. *Covenia,* 100 *Ga.* 46 (29 S. E. 219, 40 L. R. A. 253, 62 Am. St. R. 312), a declaration alleged the tortious killing of a child one year, eight months, and ten days old, and averred that he was a boy well-formed, precocious, and of strong, robust physical powers for a child of his age; that he was physically sound, and was capable of rendering and did render valuable services by going upon errands to the houses of neighbors near-by, picking up and bringing in coal and chips, bringing the broom and other articles used in house-cleaning to his mother, picking up and carrying out of the house trash and litter which tended to render untidy in appearance the plaintiff's home, and watching and amusing the plaintiff's younger child while his wife was engaged in attending to her household duties; and it was alleged that these services were worth to the plaintiff the sum of $2.00 per month. It was held that the allegations of the petition should be construed together; that the courts will take judicial cognizance of the fact that a child of the age mentioned is incapable of rendering valuable services; and that the petition was demurrable. This decision was rendered when the court was composed of three Justices: two of them concurred in it, and the third dissented.

In *Atlanta Consolidated St. Ry. Co.* v. *Arnold,* 100 *Ga.* 566 (28

S. E. 224), suit was brought by a father to recover damages for the death of his infant child, alleged to be between two and a half and three years old. It was also alleged that the child was able to and did render certain specified services which were worth a stated sum per month, the character of the services being somewhat similar to those alleged in the case above cited. It was held that the former case was controlling, and that the petition in the later one was demurrable. This decision was rendered after the number of Justices of the Supreme Court had been increased to six. It was concurred in by four of them, one being disqualified, and one dissenting.

In *Crawford* v. *Southern Ry. Co.*, 106 *Ga.* 870 (33 S. E. 826), suit was brought by a parent against a railway company, alleging that defendant's train had killed the child of plaintiff, four and one half years of age, and that the child was capable of rendering and did render to plaintiff specified services of a stated value; and he sued for the loss thereof and for the expenses of medical attendance and burial. It was held that the question of whether a particular child of such age was capable of rendering valuable services to his father should be left to a jury to determine in the light of the evidence submitted. In this decision all of the Justices concurred. The two cases above cited were referred to, but were not overruled.

In *James* v. *Central of Ga. Ry. Co.*, 138 *Ga.* 415 (75 S. E. 431, 41 L. R. A. (N. S.) 795, 29 Ann. Cas. (1913D) 468), the child alleged to have been negligently killed by a railway train was two years, ten months, and twenty days old, and was alleged to be a precocious child who was capable of running and did run errands for the plaintiff, and who was strong and robust, with unusual physical powers for a child of his age, and who was capable of rendering and did render services to the plaintiff of the value of $5 per month. It was held that it could not be said as matter of law, under these allegations, that the child was incapable of performing valuable services; and that the petition was not demurrable, but that the question should be submitted to a jury. This decision was concurred in by four Justices—one of them dubitante. Two Justices dissented. It referred to the decisions above mentioned, but did not declare that the first two were overruled or modified. Nor can we declare that what was

said in the discussion was of such a character as necessarily to have the effect of overruling or modifying them.

Where a petition by a parent for damages on account of loss of services of a child two years and four months old alleged that the child was precocious, strong, robust, and endowed with unusual physical powers for a child of her age, and ran errands, helped to bring in wood, swept the house, helped to attend to the plaintiff's younger child, and generally waited on the plaintiff and helped in the household work, and contributed to the support of the plaintiff, who was dependent upon her, and that the child's services were of the value of $3 per month,—as an original question, whether the court judicially can declare as matter of law that such a child was incapable of rendering valuable services to his parent, the members of this court are equally divided. Chief Justice Fish, Presiding Justice Evans, and Justice Beck are of the opinion that it could be declared as matter of law that such a child was incapable of rendering valuable services, and that a petition containing the above allegations was demurrable. Justices Lumpkin, Atkinson, and Hill are of the opinion that it could not be declared as matter of law that the allegations of the petition were untrue and that such a child could not render valuable services, and that the petition was demurrable. With the members of the court thus equally divided in opinion as to the question, if considered as an original one, the two decisions in 100 *Ga.,* above cited, must be left to stand as precedents, and should be observed by the Court of Appeals as such, unless they should be hereafter modified or changed. As above noted, the allegation in the case of *Atlanta Consolidated St. Ry. Co.* v. *Arnold* was that the child was between two and a half and three years of age. In the *James* case, supra, this was treated as amounting to an allegation that the child was about two and a half years of age. This includes the lesser age of two years and four months, involved in the questions now propounded by the Court of Appeals.

From what has been said above, it follows that the first and second questions propounded by the Court of Appeals are answered in the negative, and that the decision in *Atlanta Consolidated St. Ry. Co.* v. *Arnold* is controlling upon the Court of Appeals as a precedent, as the members of this court are equally divided upon the subject as an original proposition, and the former ruling accordingly stands unmodified.          *All the Justices concur.*