19278.    MURKINSON *v.* BALL & FLEMING.

DECIDED MAY 18, 1929.

*J. E. Drake, P. D. Rich,* for plaintiff.

*A. B. Conger,* for defendants.

BELL, J.  Mrs. Emily Murkinson brought suit against Ball & Fleming, a partnership, to recover the alleged value of the life of her child Junior, who, according to the petition, was killed by the negligence of a servant of the defendants when the child was at the age of two years, four months and twenty days.  The petition alleged: "That said child was as well developed physically and mentally as an average child of from four to five years of age, unusually large and strong to its age, fully as strong physically as the average five-year-old boy, and with a stronger and better developed intellect than the average boy at five years of age, perfectly sound physically and mentally and very precocious; that he helped bring in wood, ran on errands, swept the house, helped to attend the baby, and generally waited on plaintiff, helped in the household work, doing all those innumerable little things to be done in a home which a child can do as effectually or more so than a grown person, and did thereby contribute to plaintiff's support, and that plaintiff was dependent upon him, and that the services of said child were reasonably worth $3 a month."  The court sustained a general demurrer and dismissed the petition, and the plaintiff excepted.

In *Southern Ry. Co.* v. *Covenia,* 100 *Ga.* 46 (supra), the suit was to recover for the death of a child who was killed at the age of one year, eight months and ten days.  In that case the Supreme Court said: "The fact that a child of less than two years of age can not perform any services of value to its parent is a matter of common knowledge to all men.  It is as well known to the judge

as it is to the jury. It being so known to the judge, why should he not act upon it when he is called upon to do so by proper pleading? Why is he less qualified than the jury to declare a well known fact? Why should he submit such a question to a jury when if they found contrary to this well known fact he would be compelled to set aside their verdict? Why should he go through the farce of a trial, at the expense of the country in time and money, in order to have a jury decide a fact which is already well known to every one? There is no necessity for a jury trial when there is no issue of fact. In our opinion there can be no issue of fact as to the ability of a child two years old to perform valuable services. Even if the parent should testify that a child of that age could render services of the value of two dollars per month, it would be so inconsistent with every person's knowledge of the incapacity of children of that age to render service, that such testimony would be unworthy of credit. . . A demurrer does not admit facts which are in their nature improbable or impossible." A similar case was that of *Atlanta Street Ry. Co.* v. *Arnold,* 100 *Ga.* 566 (supra), in which the petition alleged that the child was "between two and a half and three years old." In that case the court said: "The reasons given by Chief Justice Simmons, in the opinion in the *Covenia* case, for taking judicial cognizance of the fact that a child less than two years old is incapacble of rendering 'such services as would authorize the parent to recover' for the loss of them, are equally applicable in a case where the child, for whose death a recovery is sought, is alleged to have been between two and a half and three years of age. It follows that the court erred in not sustaining the demurrer to the declaration." In *James* v. *Central of Georgia Ry. Co.,* 138 *Ga.* 415 (75 S. E. 431, 41 L. R. A. (N. S.) 795, Ann. Cas. 1913D, 468), where the petition alleged that the child for whose death a recovery was sought was two years, ten months and twenty days old, and was strong, robust and precocious, being possessed of unusual physical powers for a child of its age, and was capable of rendering, and did render, services to the plaintiff of a stated value per month, the Supreme Court declined to hold as a matter of law that the child was "so incapable of performing such valuable services that a defendant corporation would not be liable in damages for the homicide of such child," upon proof that the killing was tortious and not justified.

In the *James* case the court said that under the allegations in the *Arnold* case the child should have been regarded as "nearer two and a half years of age than otherwise," and then, after referring to other cases, made the following observation: "So it will be seen that this court has held that courts will take judicial cognizance of the fact that children one and one half, and children about two and one half years old, are incapable of performing valuable services, and that their parents on their being tortiously killed by a railroad company, can not recover for loss of such services."

None of the above-mentioned decisions was rendered by a full bench, and when this court later on had before it the question of whether there could be a recovery for the loss of services of a child two years and four months old it was thought desirable to certify the case to the Supreme Court, and this was done. See *Holmes v. Southern Ry. Co.,* 145 *Ga.* 172 (supra). The Supreme Court was equally divided as to whether "as an original proposition" a court should judicially know that the allegations of fact in that case as to the child's development and capacity were as a matter of law untrue, because so unreasonable as to be legally impossible. The Court of Appeals was instructed, however, that the decisions in the *Covenia* and the *Arnold* cases were in no way modified by the ruling in the *James* case, and also that: "With the members of the [Supreme] Court thus equally divided in opinion as to the question, if considered as an original one, the two decisions in 100 *Ga.,* above cited, must be left to stand as precedents, and should be observed by the Court of Appeals as such, unless they should be hereafter modified or changed." The two decisions referred to have not been modified or changed since the decision in the *Holmes* case. In view of the foregoing, it would seem useless for this court to attempt any expression as to the real merits of the legal question at issue; and so, to follow the rulings in the *Covenia* and *Arnold* cases, we hôld that the petition failed to set forth a cause of action, and that the court properly sustained the general demurrer thereto.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*