REID *v.* MOYD.

No. 12394. September 15, 1938.

*Ralph G. Sims,* for plaintiff. *T. J. Long,* for defendant.

GRICE, Justice. The Court of Appeals certified to this court the following question: "Is a child two and a half years of age, unusually large and strong for its age, having the mental capacity of a child of at least five or six years, strong, robust, and precocious, capable of and actually running errands, conclusively and as a matter of law presumed to be incapable of rendering valuable services?" From the record which was transmitted to us with the certified question we are apprised that a mother brought suit for damages for the homicide of her minor son, alleging that the child contributed to her support, that she was dependent on the child, and that his age at the time of his death was two years and six months. By amendment she alleged that the child was unusually large and strong for his age, had the mental capacity of a child at least five or six years old, was strong and robust, was a precocious child capable of and actually running errands for his mother, and performed services worth the sum sued for, to wit, two dollars per week. It appears, therefore, that the suit was brought under the Code, § 105-1307. Before the mother can recover in such an action, she must be at least partially dependent on the child's labor, and the child must make a substantial contribution therefrom to the maintenance of the plaintiff. *Central of Georgia Railway Co. v. Henson,* 121 *Ga.* 462 (49 S. E. 278); *Savannah Electric Co. v. Bell,* 124 *Ga.* 663 (53 S. E. 109); *Atlantic Coast-Line R. Co. v. McDonald,* 135 *Ga.* 635 (7) (70 S. E. 249). The fact that the earnings of the child alone might not be sufficient to support himself would not conclusively show that the mother was not dependent upon his services. *Augusta Railway Co. v. Glover,* 92 *Ga* 132, 144 (18 S. E. 406); *Atlantic Coast-Line v. McDonald,* supra. This court has recognized in certain cases that services rendered by a child to his mother about the home in the performance of household duties met the requirement that the child must have contributed substantially to her support. *Augusta Railway Co. v. Glover,* supra; *Atlanta & Charlotte Ry. Co. v. Gravitt,* 93 *Ga.* 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145); *Sugarman v. Atlanta Consolidated Street Ry. Co.,* 94 *Ga.* 604 (21 S. E. 581). These rulings should, we think, be borne in mind as we approach the solution of the problem presented to us in the instant case. If the question certified is to be answered in the affirmative, it is in view of one recital therein, to wit, the age of the child is two and a half

years. On the one hand we are asked to rule that a child unusually large and strong for his age, having the mental capacity of a child of five or six years, strong, robust, and precocious, capable of and actually running errands, is conclusively and as a matter of law presumed to be incapable of rendering valuable services, since the child is only two and a half years of age. On the other hand, it is said that such a ruling should not follow solely on account of the stated age of the child, particularly in view of the other recitals in the question propounded.

In *Allen* v. *Atlanta Street R. Co.*, 54 Ga. 503, it was said that a father can not maintain an action for damages on account of the homicide of his infant child who at the time of his death was incapable of rendering him any services. The age of the child was two years. That, however, is not a ruling that a child of that age is incapable of rendering his parent any service; for the parent brought suit only for the loss of services which the child would have later rendered had he lived. In *Sugarman* v. *Atlanta Consolidated Street Ry. Co.*, supra, the trial court's ruling was reversed for dismissing a petition which, with an amendment, alleged a negligent killing of a child not quite five years old, the suit being brought by a father to recover for the services of the child. In *Southern Railway Co.* v. *Covenia*, 100 *Ga.* 46 (29 S. E. 219, 40 L. R. A. 253, 62 Am. St. R. 312), it was held, one Justice dissenting, that the courts would take judicial cognizance of the fact that an infant one year, eight months, and ten days old was incapable of rendering valuable services, notwithstanding that it was alleged that the infant was capable of rendering and did render valuable services which were specified. The case of *Atlanta Consolidated St. Ry. Co.* v. *Arnold*, 100 *Ga.* 566 (28 S. E. 224), and the decision there rendered, was similar to the *Covenia* case, except that in the *Arnold* case the allegation was that the child was between two and a half and three years old. The *Arnold* decision was by four Justices, one who had concurred in the *Covenia* case being disqualified, and one who dissented in the *Covenia* case dissented in the *Arnold* case. In *Crawford* v. *Southern Ry. Co.*, 106 *Ga.* 870 (33 S. E. 826), the court ruled that the question whether a particular child four and a half years old was capable of rendering any valuable service to her father should be left to the jury to determine in the light of the evidence submitted on this point.

In *James* v. *Central of Ga. Ry. Co.*, 138 *Ga.* 415 (75 S. E. 431, 41 L. R. A. (N. S.) 795, Ann. Cas. 1913D, 468), it was ruled as follows: "It can not be said, as a matter of law, that a child two years, ten months, and twenty days old, who was alleged to be 'a precocious child, capable of and did run errands for petitioner; was strong and robust, with unusual physical powers for a child of his age, and did render and was capable of rendering services to petitioner that were at the time worth five dollars per month,' etc., was so incapable of performing such valuable services that a defendant corporation would not be liable in damages for the homicide of such child, if it be shown on the trial of the case that the killing was tortious and not justified. (a) In such a case the trial judge should not take judicial cognizance of the fact that such child is incapable of performing valuable services. (b) In cases of doubt as to whether a child of tender years is capable of performing valuable services, the court should submit the question of the ability of such child to perform valuable services to the jury for their determination under all the evidence submitted." In the *James* case two Justices dissented, and of the other four one concurred dubitante.

In *Holmes* v. *Southern Ry. Co.*, 145 *Ga.* 172 (88 S. E. 924, Ann. Cas. 1918A, 1182), it was said: "Where a petition by a parent for damages on account of loss of services of a child two years and four months old alleged that the child was precocious, strong, robust, and endowed with unusual physical powers for a child of her age, and ran errands, helped to bring in wood, swept the house, helped to attend to the plaintiff's younger child, and generally waited on the plaintiff and helped in the household work, and contributed to the support of the plaintiff, who was dependent upon her, and that the child's services were of the value of $3 per month,—as an original question, whether the court judicially can declare as matter of law that such a child was incapable of rendering valuable services to his parent, the members of this court are equally divided. Chief Justice Fish, Presiding Justice Evans, and Justice Beck are of the opinion that it could be declared as matter of law that such a child was incapable of rendering valuable services, and that a petition containing the above allegations was demurrable. Justices Lumpkin, Atkinson, and Hill are of the opinion that it could not be declared as matter of law that the allegations of the petition were

untrue, and that such a child could not render valuable services, and that the petition was demurrable."

With reference to the standard of due care in a child for his own safety, Chief Justice Bleckley, in *Western & Atlantic R. Co.* v. *Young,* 81 *Ga.* 397, 416 (7 S. E. 912, 12 Am. St. R. 320), made this observation: "But conceding that average may serve as a standard in adults, it will not follow that a like standard should have recognition as to children. Could we assume an ideal constant as to the former, who that knows how precocious are some children, and how backward are others, would carry the assumption down to childhood and apply it to children? Capacity (which includes personal experience as well as natural gifts) is the main thing. Age is of no significance except as a mark or sign of capacity. Some of the decisions mention age only, but most of them couple capacity with it." The law fixes no arbitrary age at which it conclusively presumes that a child of tender years is mentally incompetent to give testimony. Code, § 38-1610; *Beebee* v. *State,* 124 *Ga.* 775 (53 S. E. 99). It makes capacity, and not years, the test. We know that children of the same age vary, as was said in the *James* case, supra, in point of physical development, strength, energy, intelligence, and precociousness. Unless when we take our seats on the bench we are "struck with blindness and forbidden to know as judges what we see as men," to use an expression quoted in the *Covenia* case, we do know that it is not preposterous to declare that some children no more than two and a half years of age are capable of rendering services to the mother about the home in performance of her household duties. Who can say it is not a service, and a valuable service, to the tired father to have the little fellow bring him his slippers of an evening? to the housewife, to have the child bring her this and that article used in her housework? to watch for and announce the approach of the postman, and the ice-delivery man? and a dozen other similar services that will readily occur to any one, particularly if he be blessed with children? Who can say that it is utterly impossible for these services to be performed by a child two and a half years old, although he is unusually large and strong for that age, robust and precocious, having the mental capacity of a child considerably older? Why make the age of the child the controlling fact, and, with that as a premise, hold that the other allegations state impossibilities? The

question submitted to us by the Court of Appeals is answered in the negative. *All the Justices concur.*