## 32655.   ANDREWS *v.* LOFTON.

Decided January 13, 1950.

*Maddox & Maddox, W. T. Maddox,* for plaintiff in error.
*C. H. Porter, Pittman, Hodge & Kinney,* contra.

WORRILL, J. ■ The numerous special demurrers have been carefully examined and considered, but have been found to be without merit except as to two grounds now to be mentioned, and it is not deemed necessary or profitable to set forth all the voluminous grounds. In the acts of negligence set forth in paragraph 7 the following is stated in subsection (c): "In holding himself out and falsely representing himself to be a doctor and surgeon, which was relied upon by the plaintiff, as a result of which he was permitted to undertake to perform said operation upon said child in the manner heretofore alleged, in violation of his duty to exercise ordinary care for the safety of plaintiff's daughter and in violation of the law of Georgia." Special ground of demurrer 12 (a) challenges the above-stated allegations on the ground that they constitute an erroneous conclusion of law that the alleged acts violated any duty to exercise ordinary care for the safety of the plaintiff's daughter. The objection is well taken and the allegations should have been stricken. While the precise question has not been raised in Georgia as to whether or not the failure to have a license to practice medicine or surgery would authorize an inference of negligence where an unlicensed person attempts to treat a patient and injures him, we think that the applicable principle of law is to be found in *Hughes* v. *Atlanta Steel Co.,* 136 *Ga.* 511, 512 (71 S. E. 728), where it is said: "The mere fact that the plaintiff on the one hand, or the defendant on the other, was engaged in violating the law in a given particular, at the time of the happening of the accident, will not bar the right of action of the former nor make the latter liable to pay damages, unless such violation of the law was the efficient cause of the injury." It has been held many times by the appellate courts of this

State that the failure to have a license to drive an automobile would not of itself authorize an inference of negligence where the driver injures another in the operation of an automobile. A breach of duty to the State does not necessarily involve a breach of duty to an individual. *Georgia Power Co.* v. *Jones,* 54 *Ga. App.* 578, 587 (188 S. E. 566) ; *Hughes* v. *Atlanta Steel Co.,* supra; *Central of Georgia Ry. Co.* v. *Moore,* 149 *Ga.* 581 (101 S. E. 668). In 48 C. J. 1135, § 138, and 41 Am. Jur. 202, § 83, it is stated that the failure to have a license to practice medicine is not of itself a basis for an inference of negligence causing injury to a patient. In a recent case in North Carolina (230 N. C. 672, 55 S. E. 2d, 486), this rule was applied in reviewing a judgment in an action against an unlicensed person for the death of a patient following an extraction of teeth. Under the above-stated authorities, we hold that the mere failure to have a license to practice medicine or surgery will not authorize an inference of negligence in the present case, and the allegations objected to should have been stricken on demurrer.

The allegations in paragraph 8, that the duties and inhibitions imposed upon the defendant by the statutes of this State as to the necessity of having a license to practice medicine or surgery, etc., were due to the plaintiff and her child personally, and as members of the public seeking medical and surgical care, and that the death of the child was a natural and probable consequence of the violation of such statutes by the defendant, were demurred to as irrelevant and immaterial to any issue and were erroneous conclusions of law. For the reasons stated in the foregoing ruling, the allegations do not show anything having a causal relation to the death of the child and should have been stricken on demurrer.

In paragraph 4 of the petition, allegations were made as to the defendant falsely holding himself out as a physician and surgeon in violation of the stated sections of the Code of Georgia, and that he did not possess the qualifications necessary for the possession of a license. These allegations were demurred to on the ground that they were irrelevant and immaterial on the question of the defendant's negligence, the only issue being as to whether or not he actually exercised the requisite care and skill in the treatment of the plaintiff's daugh-

ter. While the contention here made is meritorious with respect to any negligence of the defendant, and the allegations are not relevant or material on that issue, they are pertinent by way of history or inducement as to why the plaintiff engaged the services of the defendant, and for that reason should not be stricken.

■ The question remains whether or not the petition, with the specific allegations stricken as pointed out above, nevertheless set forth a cause of action as against the general demurrer. The petition alleges that the defendant, without having first obtained a license as a physician or surgeon, performed an operation upon the plaintiff's daughter and negligently caused her death. Whether the defendant did or did not have a license is immaterial so far as the question in this case is concerned. What, then, is the test under the facts and circumstances here presented? Manifestly the standard to be applied is that prescribed by the Code, § 84-924, which is as follows: "A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had." This standard, "when applied to the facts and circumstances of any particular case, must be taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by the profession generally." *McLendon* v. *Daniel*, 37 *Ga. App.* 524, 528 (141 S. E. 77), *Bryan* v. *Grace*, 63 *Ga. App.* 373, 377 (11 S. E. 2d, 241), and cit. Such care and skill must not only be possessed but must be exercised. *Akridge* v. *Noble*, 114 *Ga.* 949 (41 S. E. 78); *Chapman* v. *Radcliffe*, 44 *Ga. App.* 649 (162 S. E. 651).

Omitting entirely the allegations which we have ruled should have been stricken on special demurrer, the petition still shows such conduct on the part of the defendant as would authorize a jury to find that he had not exercised the requisite care and skill in treating and operating upon the plaintiff's daughter, and that such negligence was the proximate cause of the death of her child.

The ground of demurrer, that the petition shows that the

plaintiff is not entitled to recover any amount because it appears that the child was not old enough to render service or contribute to the support of the plaintiff or that the plaintiff could have been dependent upon her for support, is obviously without merit. Whether or not this child, more than five years of age, "unusually bright and capable," was capable of rendering service to the plaintiff, etc., was. a question for the jury. *Crawford* v. *Southern Railway Co.*, 106 *Ga.* 870 (3) (33 S. E. 826); *James* v. *Central of Georgia Ry. Co.*, 138 *Ga.* 415 (75 S. E. 431, 41 L. R. A. (N. S.) 795, 29 Ann. Cas. (1913 D) 468); *Reid* v. *Moyd,* 186 *Ga.* 578 (198 S. E. 703).

The court did not err in overruling the general demurrer.

*Judgment affirmed in part and reversed in part. Sutton, C. J., and Felton, J., concur.*