### GAMBLE *vs.* THE CENTRAL RAILROAD.

1. A case was tried in Talbot superior court, a motion for new trial was made, and a consent order was taken to hear it at chambers, at Columbus, during vacation. At the time fixed, the judge was engaged in holding the superior court of Harris county, and could not preside at chambers in accordance with the order, and therefore passed an order continuing the hearing:

*Held,* that the facts were equivalent in effect to a case of providential cause; and the hearing could be so continued, though the order was passed in another county than that in which such hearing was to be had. Therefore it was not error to refuse to dismiss the motion on that ground.

(*a.*) Where the consent order did not require the approval of the brief of evidence at the first time and place set for the hearing, but that it should be there, and it was there, and presented for approval by counsel for movant, but the judge stated that he would approve it at the time to which the hearing had been continued,

there was no *laches* on the part of the movant so as to cause a dismissal of his motion.

2. The first grant of a new trial and the grounds of the motion will not be scrutinized closely by this court in order to reverse the judgment, only one verdict having been rendered, and the presiding judge being dissatisfied therewith.

3. The right of cross-examination should not be restricted, especially where the witness is the opposite party seeking to recover damages on the basis of his own testimony. When, therefore, a suit was brought to recover against a railroad on account of permanent injuries alleged to have been caused by the negligent running of its trains, and as part of the injury, the plaintiff claimed that his nervous system was wrecked, it was admissible, on cross-examination, to prove his skill as a billiard player.

February 24, 1885.

New Trial. Practice in Superior Court. *Laches.* Witness. Evidence. Before Judge WILLIS. Talbot Superior Court. September Term, 1884.

Gamble brought suit against the Central Railroad to recover damages for a personal injury resulting from one of its trains, on which he was a passenger, running off the track. He recovered a verdict for $7,750.00. Defendant moved for a new trial, on several grounds, and subsequently amended his motion by adding others. It is only necessary to set out two of them:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court refused to allow defendant's counsel to ask plaintiff, on cross-examination, the following questions: " Are you not a good billiard player? Do not you now frequently play ?" [The plaintiff had testified that his spinal column was badly injured and his nervous system shattered, producing injury to his eyes, ears and head. The avowed object of this question was to show that his spinal column was not injured to the extent claimed.]

A consent order was taken during the term of the trial, allowing the stenographer until Tuesday, October 14, 1884,

to transcribe and furnish the brief of evidence to counsel, and providing that, when it was completed, the motion should be heard in vacation at that time, unless continued by the court or consent of counsel to some other day and place; also that defendant's counsel might amend their motion for anew trial at or before the hearing, and that the brief of evidence, when perfected and approved, might be filed in office after the hearing.

On October 14, 1884, an order was passed, reciting that, counsel for the movant being engaged in the Supreme Court, and parties consenting thereto, the hearing should be postponed until Friday, October 24, at Columbus, unless continued by the court to some other time.

On October 24, an order was passed, reciting that it was impossible for the judge to hear the motion, he being engaged in the trial of the criminal docket of Harris superior court, and ordering that the hearing be continued until Saturday before the third Monday in November, 1884, and that the motion should be heard at Columbus unless continued by the court or consent of counsel.

On November 15, at chambers, at Columbus, another order was passed, reciting that one of counsel for the plaintiff was too unwell to be present at the hearing, and the parties consenting thereto, the hearing should be continued until November 25, at Columbus, unless continued by consent or by order of court. Each of these orders, except the first, provided that the continuance was made without prejudice to either party.

At the hearing on November 25, counsel for the plaintiff moved to dismiss the motion for new trial, on the grounds that the order passed during the term at which the trial was had was not complied with; that no brief of evidence was agreed upon, approved or filed before or during the day set for the hearing (October 14, 1884), or on the day of the last continuance at Columbus; because no consent in writing to continue the hearing of the motion was had on October 14, or on October 24, or at any other

time before the hearing at Columbus; because no consent of any sort was had to have the motion heard at any other time or place than at Hamilton on October 14, except to the last continuance, when the right to except was distinctly reserved; and because the order granting the continuance at Hamilton on October 14 incorrectly recites that it was granted by consent, which was not the fact; and further, that counsel for defendant was present at Hamilton on October 14, and was not before the Supreme Court.

On the hearing of this motion, W. S. Wallace, Esq., one of counsel for defendant, made an affidavit, to the effect that the brief of evidence was completed by the stenographer before October 14; that deponent carried it to Hamilton on that day and notified opposing counsel of the fact, but one of the latter was confined to his bed by sickness; that he also notified the judge that the brief of evidence was present, but the judge stated that he would approve it when the motion came up for a hearing. The stenographer also made affidavit that he completed and turned over the brief to Mr. Wallace.

J. M. Russell, Esq., one of counsel for plaintiff, made affidavit that no brief of evidence was submitted to plaintiff's counsel on October 14, 1884, and none was approved or filed; that no consent in writing was had to a further continuance; and that Mr. Wallace was present at that time, and not before the Supreme Court.

The court stated the following facts as true: On the night of October 13, 1884, W. S. Wallace, Esq., came to the judge's room and stated that he had just left the room of Smith & Russell, counsel for the plaintiff; that they had agreed upon such continuance of the case as would suit the convenience of the court, and asked what time would suit. The judge fixed the 24th of October at Columbus. Mr. Wallace also stated that he had drawn an order and submitted it to opposing counsel, leaving blank the time, and that counsel had suggested a change in it,

allowing plaintiff's counsel the same right of exception to the proceeding, which he would have had on the 14th, and reserving all rights of moving to dismiss. The order was signed on the 14th by the court. On the next day (15th), J. H. Worrill, Esq., inquired of the court if an order of continuance had been granted, and stated that Mr. Russell wished the order to contain the right of his excepting or moving to dismiss; to which the judge replied that this had been done. Mr. Russell admitted that the order was presented to him, and that the only objection he made to it was that it should reserve to him such right to except or move to dismiss as he would have had on the 14th.

The motion to dismiss was overruled; an amendment was allowed to the motion for new trial; and the motion was sustained. Plaintiff excepted.

SMITH & RUSSELL; J. H. WORRILL; CANDLER, THOMSON & CANDLER, for plaintiff in error.

W. S. WALLACE; J. H. MARTIN, for defendant.

JACKSON, Chief Justice.

The plaintiff in error sued the railroad company for damages caused by the running of its train on which he was a passenger, and recovered a verdict of seven thousand seven hundred and fifty dollars. A new trial was granted, and the plaintiff in error excepted.

1. One error assigned is the refusal of the court to dismiss the motion for a new trial because the consent order had not been complied with by the defendant in error, the motion having been heard and decided in vacation. On a careful examination of the record on this question, we are clear that there was no error in that judgment. The judge had the right to order a continuance of the trial at the session of the superior court of Harris county, though the trial of the motion had been set at Columbus on its former con-

tinuance. He was engaged in the business of that court, and could not leave it to sit at chambers at Columbus at that time. There was no other mode of rendering justice to the movant, and at the same time, doing no hurt to the respondent, and the dilemma was equivalent, in its spirit and essence, to providential cause; and this court has held such a cause, from the necssity of the case, a legal reason for continuing the cause by the judge, though not at the place set for the hearing when the continuance was granted. 69 *Ga.*, 748, 760.

The consent order did not require the approval of the brief of evidence at the first time and place set for the hearing, but that this brief or narrative of the stenographic reporter of the court should be there at that time, and it was there. The counsel for movant requested the judge then and there to approve it, but the judge said he would do so at the hearing, which he had continued by authority of the consent order in term. The movant had no power to make the judge then approve it, and having it then and there ready for his examination and approval, he discharged his full duty, and was not in *laches* there or elsewhere, so far as this record exhibits the facts. 69 *Ga.*, 748.

2. This is the first grant of a new trial, and in such cases, the grant of the presiding judge and the grounds of the motion will not be scrutinized closely by this court in order to reverse the judgment, but one verdict having been rendered, and the presiding judge being dissatisfied with that verdict. See Georgia Reports *passim*.

3. There was one error of law committed by the judge in denying the defendant in error the right of cross-examining the plaintiff in error fully, especially as he was his own witness and interested in the recovery. To cross-examine thoroughly any witness is a right guaranteed by the statute in strong language. Code, §3864. It should not be relaxed where the witness is interested in the case, and still less relaxed where the witness is the party in the case testifying to recover damages for himself. Therefore the

questions in regard to the ability and skill of the plaintiff in error as a billiard player should have been allowed and answered, inasmuch as the wreck of his nervous system, he said, was part of the permanent injuries inflicted upon him by the defendant in error, and skill at such a game would throw light upon the point whether or not that system had been so badly deranged and wrecked. Counsel for defendant in error had the right to probe his conscience fully upon a point so relevant to that issue.

On the other grounds of the motion for a new trial, we see no error. The grant of the new trial is affirmed, first, because this court will not interfere with the superior court in the first grant of a new trial, unless there be error of law, or the discretion given the presiding judge has been abused, on reviewing the facts, which abuse must be made clearly to appear; and, secondly, because the cross-examination of plaintiff, as a witness, was improperly restricted by the court, as above indicated.

Judgment affirmed.