DANIELS v. SAVANNAH, FLA. & WESTERN RAILWAY CO.

For the homicide, by the negligence of a railroad company, of her child unmarried and childless, a mother may recover, where the child contributed to her support and she was substantially dependent upon such child in part for support, although she was likewise dependent upon her husband and her own labor.

November 26, 1890.

Parent and child. Nonsuit. Before Judge HARDEN. City court of Savannah. May term, 1890.

Reported in the decision.

R. R. RICHARDS and W. R. LEAKEN, by brief, for plaintiff.

CHISHOLM, ERWIN & DUBIGNON, for defendant.

BLANDFORD, Justice.

When the plaintiff had submitted her evidence to the jury, the court awarded a nonsuit, and plaintiff excepted. The plaintiff showed by her testimony that she was dependent upon her son, her husband and upon her own labor for a support; that her son contributed in part to her support. We think the court misapprehended the decision of this court in the case of *Clay* v. *The Central Railroad and Banking Co.* (decided on the 10th of February, 1890, and reported in 84 *Ga.* 345), wherein it was held that under the act of October 27th, 1887 (amending §2971 of the code, relating to the recovery of damages in cases of homicide, and extending the right to recover to the mother or father for the homicide of a child upon whom she or he might be dependent or who contributed to her or his support, in cases where the child left neither wife, husband or child), a mother cannot recover for the homicide of a child who contributed to her support without showing that she was dependent upon him. This court did not mean by said decision to decide that the mother could not recover unless she was *wholly* dependent upon such child for a support, but on the contrary, we think the meaning of the statute is that a mother may recover for the homicide of a child who contributed to her support when she was in whole or in part dependent upon such child for support substantially. We think the words used in the statute "who contributes to his or her support" mean that the contribution to the father or mother by the child need not be wholly sufficient, but only such as is in part sufficient for such support; and that the word "dependent" means wholly or in part dependent materially upon such child for support. For instance, a mother may have several children who support her or contribute to her support, and she may not be dependent upon one child more than another; yet, if she

should be dependent upon any one of them wholly or partially, and he contributed to her support, she would be entitled to recover for the homicide of such child if killed by the negligence of any railroad company, its servants or employees.

We think the evidence submitted by the plaintiff in this case was sufficient to carry the case to the jury, and therefore that the court erred in awarding a nonsuit, upon any ground taken in the motion. The judgment of the court below is                                    *Reversed.*