## CENTRAL OF GEORGIA RAILWAY CO. *v.* HENSON.

1. A petition for damages, brought by a father, under the Civil Code, § 3828, for the homicide of his minor daughter, which alleges that the petitioner "has been and is unable to earn a support for his family without the assistance of his said daughter," may be amended by striking therefrom the words "his family" and inserting in lieu thereof the word "himself."

2. The allegations of the petition as to the prospective earning capacity of the deceased were not subject to the special demurrer filed thereto.

3. In a suit for damages by a father for the homicide of his minor child, brought under the Civil Code, § 3828, it is not necessary, in order for the plaintiff to recover, that he show by the evidence that he depended alone upon the deceased child for his entire support. It is sufficient if he establish partial dependence upon the child's labor, accompanied by substantial contribution therefrom to his maintenance.

4. The evidence was conflicting; but that for the plaintiff warranted a finding that the homicide on account of which the suit was brought was caused by the negligence of the defendant's employees, and that the deceased was free from fault.

Argued November 17,— Decided December 12, 1904.

Action for damages. Before Judge Henry. Floyd superior court. June 27, 1904.

*J. Branham, McHenry & Maddox,* and *F. W. Copeland,* for plaintiff in error. *Dean & Dean,* contra.

CANDLER, J. This was a suit for damages against a railroad company, brought by a father for the homicide of his minor daughter. The original petition alleged that the petitioner's wife died in the year 1901, and that since her death "petitioner and his family, consisting of [the deceased] and four small children, have lived together, each working for the support and maintenance of the family as they were able to do, they having no means of support except such as they derived from their labor. Petitioner, being in feeble health and disabled by an injury, has been and is unable to earn a support for his family without the assistance of his said daughter." By an amendment, which was allowed over the objection of the defendant, the words "his family" in the sentence last quoted were stricken, and the word "himself" substituted therefor. The defendant demurred generally and specially, but its demurrer was overruled. It also filed an answer, and the case was tried before a jury, which returned a verdict for the plaintiff for $2,500. The defendant brings the

case to this court on exceptions to the overruling of its motion for a new trial and of its demurrer, and to the allowance of the amendment to the petition heretofore mentioned.

1. The cause of action stated by the plaintiff in his original petition was the wrongful homicide of his daughter. It is true that the fact that the deceased assisted the petitioner in his efforts to support his family would not authorize a recovery by reason of the section of the code under which this suit was brought, and to that extent the petition as originally filed was defective and subject to special demurrer. The disposition made of the earnings of the deceased, however, was not the cause of action. It was matter which should have been properly pleaded in the first instance; but the failure to so plead it did not render the petition fatally defective and not subject to amendment. In the case of *City of Columbus* v. *Anglin*, 120 *Ga.* 785, is to be found an exhaustive review of the law relating to amendment of pleadings in this State. The previous decisions of this court on the subject were either harmonized, or, so far as they were in conflict with the principles announced, overruled; and the rulings there made may be taken as the settled law of this State in regard to amendments. Tested by that decision, we do not hesitate to say that the judgment allowing the amendment to the petition in the present case was correct. - The demurrer filed by the defendant raises, in part, the same question as the objection made to the allowance of the amendment, and to that extent the demurrer need not be separately considered. The only remaining ground of demurrer was that certain allegations of the petition as to the earning capacity of the deceased were remote, speculative, and contingent; but a careful reading of the allegations in question shows that they are not fairly open to that objection.

2. It is urged that the verdict was contrary to law and the evidence, for the special reason that the evidence showed that the plaintiff was not dependent upon his minor daughter for a support for himself. It is well settled by the decisions of this court that section 3828 of the Civil Code, under which the present action was brought, being in derogation of the common law, must be strictly construed; that in order to authorize a recovery thereunder, the deceased must, at the time of the homicide, have been contributing in a substantial degree to the support of the plaintiff,

and that the plaintiff must have been dependent upon the deceased for such support and maintenance. *Smith* v. *Hatcher*, 102 *Ga.* 160; *Georgia R. Co.* v. *Spinks*, 111 *Ga.* 571. It is equally well settled, however, that it is not necessary, under this section, that the plaintiff show that he or she depended alone upon the deceased for his or her entire support; but that partial dependence upon the child's labor, accompanied by substantial contribution therefrom to the maintenance of the plaintiff, is sufficient; and further, that where a family of working people includes parents and a minor child, and the child renders valuable services of which the mother, or, if no mother, the father, gets the benefit, the parent is dependent upon the child if the child thus contributes substantially to his or her support. *Daniels* v. *S., F. & W. Ry. Co.*, 86 *Ga.* 236; *R. & D. R. Co.* v. *Johnston*, 89 *Ga.* 560; *Augusta R. Co.* v. *Glover*, 92 *Ga.* 132; *A. & C. R. Co.* v. *Gravitt*, 93 *Ga.* 396; *Georgia R. Co.* v. *Spinks*, supra. In the present case it was shown that the plaintiff was capable of earning, and at times did earn, some money, which went to his support and maintenance. It was also shown, however, that from various causes he was disabled and had not the capacity to provide his entire support; and there was some evidence to show that at the time of the homicide of his minor daughter he was, in part at least, dependent on her earnings for his support, and that those earnings contributed to a material extent to his support.

3. The evidence as to the negligence of the employees of the railroad company and the contributory negligence of the deceased was very conflicting. That for the defendant made out a perfect defense, and, if believed by the jury, would necessarily have resulted in a verdict in its favor. On the contrary, the evidence for the plaintiff warranted a finding that the defendant's train was cut in two at the crossing where the homicide occurred, for the express purpose of allowing the crowd of mill operatives, of which the deceased was one, to cross the track; that after the train was cut in two the deceased and others were invited to cross the track; that all this was done by employees of the railroad company; that the attempt of the deceased to go across the track was not an act of negligence; and that, while the crowd of people were pouring across the track between the separated portions of the train, those portions were negligently brought together again,

catching the plaintiff's daughter between two cars and crushing out her life. It was for the jury to say which of these conflicting theories was correct under the evidence. The conflict was resolved by them in favor of the plaintiff; the trial judge, by his refusal to grant a new trial, in effect expressed his approval of their finding, and the verdict will not be disturbed by us. The amended motion for a new trial contained several grounds in which complaint was made of rulings of the trial judge as to the admission of evidence; but as these grounds were not insisted upon before this court, they will be considered as having been abandoned.     *Judgment affirmed. All the Justices concur.*