## ATLANTIC COAST LINE RAILROAD CO. *v.* McDONALD.

ATKINSON, J.  1. In a suit by a mother for the tortious homicide of her minor son, nine years of age, it was alleged in general terms that the mother was dependent upon the son for support and that he contributed to her support. In a separate paragraph it was also alleged that the son contributed to the support of the mother from twenty-five to fifty cents a day from his earnings. It was not erroneous to overrule a special ground of demurrer which complained that the petition did not allege how, or by what business or work, the deceased earned the money with which he so contributed to the support of his mother.

2. It was alleged that while plaintiff's son was crossing the railroad track the defendant's fireman negligently and wantonly threw at him, causing him to fall on the track in close proximity to defendant's engine, so that by the exercise of ordinary care he could not have avoided being run over, and that the engine was not stopped by the engineer and fireman, but was ruthlessly run by them over plaintiff's son, and caused him to sustain injuries from which he died the following day. It was not erroneous to overrule a ground of special demurrer which complained that the petition failed to allege what missile or object was thrown at the deceased, and failed to set out the facts on which the plaintiff based the opinion that the fireman's so throwing at her son caused him to fall on the track.

3. The suit was for damages resulting from the homicide of plaintiff's son, under the statutory right conferred by the act of 1887 (Acts 1887, page 43), not merely under the Civil Code of 1895, § 2502, for injury to him. In a case of that character, if otherwise entitled to recover, the plaintiff was authorized, under the act of 1887, now embraced in the Civil Code of 1895, § 3828, to recover the full value of the life of the deceased; and there was no error in refusing to strike on demurrer so much of the petition as referred to the value of the earnings of the deceased during his minority. In this connection see *Augusta Ry. Co. v. Glover*, 92 *Ga.* 132 (4), 142 (18 S. E. 406).

4. There were other grounds of demurrer, but they were also without merit, and none of them were of such character as to render elaboration necessary.

5. The charge: "So where a person who goes upon the private property of a railroad company, where he has no right or license to go, [he] is a trespasser, and there is no obligation upon the part of the railroad company to look out for him, or to expect his presence; the only obligation or duty upon the company being not to injure the party after knowing of his presence and seeing his danger. So there would be no obligation upon the part of a railroad company to station upon their switch-engines, or other places, a watchman to watch for people at a place where persons are not expected to be and where they have no right to be," was not, as against the defendant, error for any reason assigned.

6. The judge charged that if the jury should find from the evidence that the plaintiff's son was upon the railroad track engaged in driving cows and was seen by the fireman, and it was apparent to him that

the boy was in danger, it was the duty of the fireman to use all reasonable means to prevent the injury, but charged further: "If you find that, instead of doing that, the fireman threw at the boy and that it resulted in the boy's falling and being run over when he might otherwise have gotten off the track and saved himself from the injury, the defendant company would be liable for his injury and death." Whether it would amount to an act of negligence for the fireman to throw at the boy under the circumstances enumerated was a question for the jury. They might have found the throwing of a missile to be a reasonable means of attracting the boy's attention to the near approach of the train and to warn him of the danger. Except where a particular act is declared to be negligence, either by statute or valid municipal ordinance, the judge should not instruct the jury what ordinary care requires should be done in a particular case. *Atlanta &c. R. Co.* v. *Hudson,* 123 *Ga.* 108 (51 S. E. 29) ; *Stewart* v. *Mynatt, post,* 637. The error in the charge complained of was sufficient to require the grant of a new trial.

7. According to the former decisions of this court, a mother may recover damages, under the Civil Code of 1895, § 3828, for the tortious homicide of her son, who left no widow or child, if she was wholly or partially dependent upon his labor for support and he contributed substantially therefrom to her maintenance. *Central Ry. Co.* v. *Henson,* 121 *Ga.* 462 (49 S. E. 278) ; *Savannah Electric Co.* v. *Bell,* 124 *Ga.* 663 (53 S. E. 109).

(*a*) If she were accustomed to earn money, and her individual earnings were sufficient to adequately support her in keeping with her station in life, she would not be dependent in the sense as contemplated by the provisions of the statute above mentioned. *Georgia Railroad Co.* v. *Spinks,* 111 *Ga.* 571 (36 S. E. 855).

(*b*) But if the deceased were a youth, nine years of age, who had been left to the rearing of the mother by the father from the time he was three years of age, and the father had left the family and was living in a state of separation from the mother, and the earnings of the mother and those of the child, who were living together, were used for the common support of the two, and the earnings of both were necessary to the support of both, the mother would be dependent upon the child in the sense as employed by the statute. *Daniels* v. *Savannah &c. Railway Co.,* 86 *Ga.* 236 (12 S. E. 365) ; *Richmond &c. Railroad Co.* v. *Johnston,* 89 *Ga.* 560 (15 S. E. 908) ; *Augusta Railway Co.* v. *Glover,* 92 *Ga.* 132 (18 S. E. 406) ; *Atlanta &c. Ry. Co.* v. *Gravitt,* **93** *Ga.* 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145) ; *Central Ry. Co.* v. *Henson,* 121 *Ga.* 464 (49 S. E. 278) ; *East Tennessee &c. Ry. Co.* v. *Maloy,* 77 *Ga.* 237 (2 S. E. 941). The fact that the earnings of the child alone might not be sufficient to support himself would not conclusively show that the mother was not dependent upon his services. *Augusta Railway Co.* v. *Glover, supra.*

8. Under the ruling announced in the foregoing headnote, the evidence introduced for the purpose of showing that the mother was dependent upon the earnings of the deceased for support of herself was sufficient to present a jury question as to whether she was so dependent. The requests to charge were not accurately adjusted to the rulings an-

nounced in the seventh headnote; nor did they cover all phases of the evidence relating to the plaintiff's means of support.

*Judgment reversed. All the Justices concur.*

FEBRUARY 14, 1911.

Action for damages. Before Judge Parker. Ware superior court. August 27, 1909.

*Bennet, Twitty & Reese,* for plaintiff in error.

*J. L. Sweat,* contra.