## PURVIS *v.* ATLANTA NORTHERN RAILWAY COMPANY.

1. Where in an action for damages the plaintiff sought to show that he became a passenger on an electric car operated by the defendant company, at night, paid his fare to the conductor, and stated the point at which he wished to alight, but that he was carried beyond that point, and another conductor, who had taken the place of the first, demanded further fare from him, and, on failure to pay it, compelled the plaintiff to leave the car at a dangerous place, by reason of which the plaintiff fell from an embankment and was hurt,—after the defendant had introduced evidence to show that the first conductor did not collect any fares (and hence did not collect any fare from the plaintiff), it was competent to introduce evidence to show that the first conductor informed the second conductor of that fact.

2. If one who claimed to have been put off of an electric car in the dark and at a dangerous place first alleged that he was a passenger who had paid his fare and had been carried beyond his destination after notice to the conductor, and later amended his petition by adding other counts so varying the allegations as to omit the averments as to being a passenger who had paid his fare, and counting on being on the car and being put off at a dangerous place in the dark (in one of these counts, it being alleged that this was after a demand for an amount of fare which he could not pay), it was permissible for counsel for the defendant legitimately and temperately to comment upon the fact.

(*a*) While the argument of counsel for the defendant on this subject may have been illogical and couched in language unduly harsh, yet, under the facts of this case, it will not require a reversal.

3. The verdict was sustained by the evidence. None of the grounds of the motion for a new trial, other than those dealt with in the foregoing headnotes, require separate discussion, or a reversal.

JULY 13, 1916.

Action for damages. Before Judge Pendleton. Fulton superior court. July 13, 1915.

*A. H. Davis,* for plaintiff.    *Colquitt & Conyers,* for defendant.

LUMPKIN, J.    L. J. Purvis brought suit against the Atlanta Northern Railway Company, seeking to recover damages for a personal injury.    He alleged, that he entered a car of the defendant, paid his fare, and notified the conductor of the street crossing at which he wished to alight; that the car failed to stop at that point, and he was negligently carried beyond it; that the conductor demanded another fare from him, and, upon his failure to pay it, forced him to alight in the dark at a dangerous place, by reason of which he fell from an embankment and was injured.    By amendment two additional counts were added.    In these the plaintiff did not allege that he was a passenger or had paid his fare, but that he was on the car of the defendant, and was put off at a dangerous place.    The jury found for the defendant.    The plaintiff moved for a new trial, which was refused, and he excepted.

1. The car on which the plaintiff was ran from Atlanta to Marietta.    One conductor was upon it from the starting point in the City of Atlanta until its arrival at a car-barn, where another conductor took charge.    The plaintiff testified that he paid a five-cent fare to the first conductor, and that the second conductor informed him that he would have to pay more fare or get off the car.    Several witnesses testified that the first conductor collected no fares at all.    The plaintiff left the car, or was caused to leave it, after the second conductor took charge.    The evidence for the defendant tended to show that the plaintiff seemed to be intoxicated, and sat down in the car and went to sleep, that when the conductor came to collect fares the plaintiff had to be awakened; and that he asked where he was, stated that the place was beyond the point at which he wished to alight, and was permitted to leave the car at his own desire at a safe place, and without paying any fare.    There was also testimony that the conductor who began the trip announced what would be the first stopping point for passengers to leave the car, which was beyond the place at which the plaintiff testified that he desired to alight, and beyond the point at which he actually left the car.    The first conductor also denied receiving notice that the plaintiff wished to leave the car at the point mentioned, or having assented to such expressed desire.

In connection with the evidence above mentioned, where the conduct of the second conductor in the alleged ejection of the

plaintiff was involved, after the introduction of evidence to show that in fact no fares had been collected until the second conductor took charge, and therefore that the plaintiff had not paid a fare as he claimed, there was no error in permitting the second conductor to testify that the first had informed him of the fact that no fares had been collected. Such evidence was not admissible to prove the non-collection of fares, but, after the introduction of evidence to show that fact, it was admissible to show communication of it to the second conductor, in view of the character of the case. Civil Code (1910), § 5763.

If evidence is admissible for any purpose, its admission will not cause a new trial. If the purpose for which the jury can consider such evidence is limited, this furnishes matter for instruction to the jury. An omission of the court to instruct the jury as to the purpose for which they could consider such testimony will not require a new trial, in the absence of an appropriate request for that purpose. *Moorefield* v. *Fidelity Mutual Life Ins. Co.,* 135 *Ga.* 186 (3), 187 (69 S. E. 119) ; *Baldwin* v. *State,* 138 *Ga.* 349 (3), 350 (75 S. E. 324).

2. Generally the conduct of a case by one side, during the trial, furnishes a legitimate subject for comment by the adverse side; and this is true although the conduct discussed may not involve any illegality. To illustrate, a plaintiff may have a right to amend his petition; but if during the trial he should amend it several times, making allegations and then withdrawing them, it would be legitimate for counsel representing the adverse party, in his argument to the jury, to comment on the fact. So, if counsel for one of the parties should introduce evidence, withdraw it, and reintroduce it when he thought it necessary, although he might have a right to do so, this would be one of the occurrences of the trial on which adverse counsel might comment. *Inman* v. *State,* 72 *Ga.* 269 (3). The plaintiff may in different counts set forth the same cause of action in various ways. *Gainesville etc. Ry. Co.* v. *Austin,* 122 *Ga.* 823 (50 S. E. 983). This is not only lawful, but it is sometimes a useful practice, in order to meet the probable variations in proof that may occur at the trial. The defendant may file contradictory pleas; and although different parts of an answer may be contradictory, they will not be stricken, but the whole will be allowed to remain, if the defendant should so

desire, and he may avail himself of any advantage he may have under either part or the whole of the answer. Civil Code (1910), § 5649. But if a defendant should see fit to avail himself of this legal right and make contradictory allegations in his answer, no good reason appears why the plaintiff may not comment upon. the fact. See *White Sewing Machine Co.* v. *Horkan, 7 Ga. App.* 283 (66 S. E. 811). If the plaintiff should divide his petition into numerous counts, varying the allegations, and presenting the case in various ways, it would seem that, within legitimate bounds, this fact might be referred to by counsel for the defendant in his argument. The court should not permit him to go outside of the evidence and the legitimate scope of argument, and seek to get before the jury facts not proper for their consideration. If this should be done, upon having his attention called to it the court should promptly administer a proper correction. But sometimes, though the logic of an argument may be bad, if not entirely without foundation in what is legitimately before the jury, the failure of the presiding judge to interpose may not necessitate a new trial. The court should require trials to be conducted decorously, and not permit a use of improper language. In *Garrison* v. *Wilcoxson,* 11 *Ga.* 154, 159, Nisbet, J., said: "The true view of the position of counsel, before the jury, is that of aids or helps. They are officers of the court—amenable to its authority, subject to its correction, and restrained by usages of honor and courtesy, which, however in some instances disregarded, are as ancient in their origin and as potent for good, and as generally respected, as any usages which belong to any class of the highest grade of civilized man. The duties of the advocate are among the most elevated functions of humanity."

In the present case the argument of counsel for the defendant, of which complaint was made, may not have been very logical, and the manner in which it was expressed may have been unduly harsh; but under the facts of the case, we are not prepared to hold that the ruling of the court constituted reversible error. In the motion for a new trial it is recited that, in his opening argument to the jury, counsel for the defendant stated: "That plaintiff's counsel, at the beginning of the trial had filed an amendment the effect of which was to make the original petition a lie. Plaintiff's counsel protested to this statement, saying that the argument was unwar-

ranted and unfair. The court thereupon ruled that, if there was a conflict of pleadings, it was a legitimate matter for argument to the jury, and overruled the objection of plaintiff's counsel. Whereupon defendant's said counsel, in resuming his address to the jury, repeated the said statement." It does not appear that the court was requested to instruct the jury as to the right of amendment or of employing more than one count in a suit. Nor was a ruling invoked otherwise than by protesting that the argument was unfair and unwarranted. This is the second verdict which has been found in favor of the defendant. 136 *Ga.* 852 (72 S. E. 343). The plaintiff brought one suit, which was dismissed for want of prosecution. The allegations in the petition in that case differed somewhat from those in the petition and amendment, when the second suit was brought. The first petition was put in evidence by the plaintiff, doubtless to prevent a defense based on the statute of limitations. There was also evidence as to how the allegations in the first petition came to be made. On the last trial of the present case, while the plaintiff's testimony made out a case in his favor, there was much evidence in conflict with it. In view of the entire case, we do not think that the complaint made in this ground of the motion for a new trial requires a reversal.

3. The evidence abundantly sustained the verdict. None of the other grounds of the motion for a new trial require either separate discussion or a reversal of the judgment. When considered in the light of the evidence and of the general charge, none of them present reversible error for the reasons assigned in them. In one or two instances there may have been a slight inaccuracy in the language employed in excerpts from the charge of which complaint was made. But, on a consideration of the entire case, they present no cause requiring a new trial.

*Judgment affirmed. All the Justices concur.*