## 10731.  SAVANNAH ELECTRIC COMPANY v. JOHNSON.

STEPHENS, J.  1. In an action to recover damages for personal injuries, where a certain state of facts proved by the evidence did not demand the inference that the plaintiff's injury was caused by the defendant's negligence, it was error to instruct the jury that, should they believe such facts to be true, they would be authoried to find for the plaintiff. Such error is not cured by an instruction, elsewhere in the charge, that the plaintiff would not be entitled to recover unless the injury was caused by the defendant's negligence. Such instruction was not calculated to disabuse the minds of the jury of the erroneous instruction that a certain state of facts constituted negligence and entitled the plaintiff to recover.

2. Allegations in a petition for damages for personal injuries, that petitioner "brings her suit for the services of her physician," naming him, "in the sum of $25.00," and that petitioner was treated by said physician "for a broken arm," are sufficiently specific to withstand a special demurrer.

*Judgment reversed. Jenkins, P. J., and Smith, J., concur.*

DECIDED JULY 19, 1920.

Action for damages; from Chatham superior court—Judge Meldrim. June 20, 1919.

The following extract from the charge of the court contains the language complained of: "Her contention is, that the car came to a full stop at the place where it usually stopped; that there was a number of people on the car, and that, without warning to her and while in the act of stepping off the car at that place, it was moved suddenly forward and she was thrown to the ground and hurt. If you should find that to be the truth of the case, you would be authorized to find a verdict in behalf of the plaintiff. Unless there is negligence on the part of the defendant, there cannot be any recovery on the part of the plaintiff,—that is, the negligence as averred in this petition; and by the negligence as averred in this petition the plaintiff must stand or fall. . . . But this defendant is not liable for injury to the plaintiff if it appears that the defendant used such diligence, or if it appears that the accident occurred by reason of the negligence on the part of the plaintiff herself. According to the contentions made by the respective parties, the issue is narrowed down to one question: Did that woman, at the time and place where the car usually stopped, get up after it had stopped, go upon the platform, and while there, in the act of getting off, the car was suddenly moved forward and she was thrown? Is that the truth? Or is the truth of it this,—that before the car stopped

she jumped from a moving car and was thereby hurt? If you find that the contention of the plaintiff is true, you would be authorized to find a verdict for her."

*Osborne, Lawrence & Abrahams,* for plaintiff in error.

*Oliver & Oliver,* contra.