27719, 27720. POLLARD, receiver, *v.* WEEKS, administratrix; and *vice versa.*

DECIDED SEPTEMBER 22, 1939.

*Powell, Goldstein, Frazer & Murphy,* for Pollard, receiver.

*Arnold, Gambrell & Arnold,* contra.

SUTTON, J. (After stating the foregoing facts.)  The grounds of the general demurrer are, that no cause of action is

set forth in either count of the petition as amended; that it appears from the petition that the decedent was not in the exercise of ordinary care for his own safety, in that no facts are alleged which would relieve him from looking where he might have occasion to go in and about the cars where he was located in the course of his duties, and it further appears that the conditions complained of were open and obvious, and no reason is assigned why the decedent could not, in the exercise of ordinary care, have observed, discovered, and avoided the same; and that he assumed the risks of the acts and conditions alleged as the cause of his death. It is contended, as to count two, that there was no causal connection between the alleged acts of the defendant's negligence and the throwing and falling of decedent under the car; and that his death was not the direct, proximate, probable, efficient, or natural consequences of any of the acts of omission or commission with which the defendant is charged. In the Federal employers' liability act of 1908, relating to the liability of common carriers by railroad, in interstate or foreign commerce, for injuries to employees it is provided: "Every common carrier . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carriers, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, road-bed, works, boats, wharves, or other equipment." 45 U. S. C. A. 92, § 51. As to contributory negligence it is provided under the act: "In all actions hereafter brought against any such common carrier by railroad, under or by virtue of any of the provisions of this chapter, to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee; provided, that no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." 45 U. S. C. A. 379, § 53.

"A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. Risks not naturally incident to his occupation may arise out of the failure of the master to exercise due care in providing a safe place to work or safe appliances to work with, or other conditions of a like character. Such risks as these the employee is not treated as assuming until he becomes aware of the danger, or unless the risk is so obvious that an ordinarily prudent person would have observed and appreciated it." *Gray* v. *Garrison,* 49 *Ga. App.* 472 (3-*a*) (176 S. E. 412). See also *Southern Ry. Co.* v. *Simmons,* 24 *Ga. App.* 96 (100 S. E. 5) ; *Emanuel* v. *Georgia & Florida Ry. Co.,* 142 *Ga.* 543, 545 (83 S. E. 230) ; Seaboard Air-Line Ry. *v.* Horton, 233 U. S. 492, 504 (34 Sup. Ct. 635, 58 L. ed. 1062). "Ordinary risks are usually described as being those incident to the business, and do not imply the result of the master's negligence. The expression, 'extraordinary risks,' is generally used to describe risks arising from the negligence of the master, and they are generally held not to be assumed unless they are known or obvious." *Emanuel* v. *Georgia & Florida Ry. Co.,* supra. In *Southern Railway Co.* v. *Blanton,* 56 *Ga. App.* 232, 239 (192 S. E. 436), the rule was thus stated: "Ordinary risks under the Federal employer's liability act are those which are normally and necessarily incident to the employment. In the absence of special contract, the employee assumes such risks without qualification. Extraordinary risks are those that are not normally and necessarily incident to the employment, and which the employee does not assume until he has notice thereof, unless the dangers arising therefrom are so obvious that an ordinarily careful person, under the circumstances, would observe and appreciate them. The negligence of the master or of the fellow servant is included within the latter class."

It is contended by the plaintiff in error, that the act required to be performed by the decedent, upon receiving from the switchman at the end of the car a sudden signal to stop, in connection with his shouting "switch wrong," was only a normal one, and the risk a normal one; that as he assumed such duty under his contract of employment, the plaintiff is not entitled to recover; that the actual cause of the injury was not any negligence in connection with the signal, but was the condition of the ledge of the car upon which the decedent was riding; that its slippery and

dangerous condition, due to the dampness and the gravel stones thereon, was easily observable, and in the exercise of ordinary care should have been discovered by the decedent; and that his death was due solely to his failure to exercise ordinary care for his own protection. It is contended by the defendant in error, that, even if it could be said that the decedent failed to exercise the care which an ordinarily prudent person would have exercised under normal conditions, the risk was an extraordinary one, and an emergency was created under the circumstances recited in the petition, and consequently the decedent could not be held to that circumspection and deliberation that would normally devolve upon him; and that in what he did under the circumstances of the emergency he was in no wise negligent, and because of the defendant's negligence the plaintiff is entitled to recover. An emergency is defined by Webster as follows: "An unforeseen occurrence or combination of circumstances which calls for immediate action or remedy; pressing necessity; exigency." Whether or not an emergency exists is a question for the jury. With respect to conduct in an emergency it is stated in 20 R. C. L. 29, § 22, that "anything which operates to deprive a person of the ability to exercise his intellectual powers and guide his acts thereby will relieve him of an imputation of negligence that otherwise might arise from his conduct. Emergencies or sudden perils illustrate this proposition. The rule judicially stated is that one who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence." In *Pacetti* v. *Central of Georgia Railway Co.*, 6 *Ga. App.* 97, 102 (64 S. E. 302), it was said: "A person threatened with an imminent danger is not held to the same circumspection of conduct that he would be held to if he were acting without the compulsion of the emergency. A person has a right to choose even a dangerous course, if that course seems the safest one under the circumstances." To the same effect see *Dabbs* v. *Rome Railway Co.*, 8 *Ga. App.* 350 (69 S. E. 38); *Brown* v. *Savannah Electric & Power Co.*, 46 *Ga. App.* 393, 399 (167 S. E. 773); *Atlanta, Knoxville &c. Ry. Co.* v. *Roberts*, 116 *Ga.* 505, 508 (42 S. E. 753); *Bryant* v. *Georgia Ry. &c. Co.*, 162 *Ga.* 511, 517 (134 S. E. 319).

Under the allegations of the petition, in each count of which

definite acts of negligence were set out against the defendant, we think that a cause of action was set forth; that a jury would be authorized to find, upon proof of the same, that the. risk was not an ordinary one, but an extraordinary one; that in the circumstances of the switching movement and the sudden signaling and shouting of the switchman on the wrong side of the advancing end of the train, such as to cause the decedent to believe that a collision was imminent and lives of those on the train endangered, the jury would be authorized to find that an emergency existed; and that in what the decedent did he was not lacking in that care and prudence which would be exercised by an ordinarily prudent man under the same or similar circumstances. It is earnestly contended by the plaintiff in error that by proper diligence the decedent would have become aware of the dangerous condition of the ledge of the car. It is not, however, the duty of a switchman to inspect a car, on which he may happen to be riding in his employment, to determine if there are dangers not incident to his employment but which result from the employer's negligence. *Southern Railway Co.* v. *Blanton,* supra, quoting from Chesapeake & Ohio Ry. Co. *v.* Proffitt, 241 U. S. 462 (36 Sup. Ct. 620, 60 L. ed. 1102), to the same effect. See also, on principle, *Duke* v. *Bibb Mfg. Co.,* 120 *Ga.* 1074 (48 S. E. 408); *Southern Cotton-Oil Co.* v. *Dukes,* 121 *Ga.* 787, 791 (49 S. E. 788). The decedent's duty was to relay signals. He was called on to act quickly under circumstances which might reasonably be found by a jury to constitute an emergency, a situation caused by the alleged negligence of the defendant. Whether or not, in the manner he responded, he was entirely free from negligence or could have avoided the consequences of the extraordinary risk which the jury would be authorized to find was present, and whether or not he was guilty of any contributory negligence, are questions for the jury. The principles of law here announced have been applied in numerous cases brought under the Federal employers' liability act. A discussion of the cases, however, is deemed unprofitable, inasmuch as each was dependent on its own state of facts. The difficulty is not as to the law, but as to its application to the particular facts of a given case. We think, from a careful consideration of the allegations of the petition and the law applicable, that neither count of

the petition as amended was subject to the general demurrer, and that the court did not err in overruling the same.

■ Several grounds of the special demurrer raise objections to certain portions of the allegations of the two counts of the petition, based on the contentions, briefly stated, that they were conclusions of the pleader, or not sufficiently descriptive, or show that the conditions were known to the decedent or might have been observed and avoided by him by proper diligence, or failed to show any causal connection with his death. These grounds have had our careful consideration; and without unduly extending this opinion by a detailed discussion, it is deemed sufficient to say that they are without merit.

■ In the cross-bill of exceptions error is assigned on the judgment sustaining certain special grounds of demurrer to the allegations of count one of the petition as amended, to the effect that the defendant was negligent in not providing and maintaining, as required by the Federal safety-appliance act, certain secure and protective devices on the car occupied by the decedent. Inasmuch as it is not made to appear that there was any causal connection between the alleged negligence of the defendant in this respect and the death of the decedent the court did not err in sustaining these special grounds.

*Judgment affirmed on both bills of exceptions. Stephens, P. J., and Felton, J., concur.*