36757. SWANSON *v.* HODGES.

DECIDED SEPTEMBER 27, 1957—REHEARING DENIED OCTOBER 22, 1957.

*John L. Jernigan, Jere Field, Joseph B. Kilbride,* for plaintiff in error.

*Wm. L. Preston, A. M. Kelly,* contra.

NICHOLS, J. ■ Special ground 3 of the amended motion for new trial complains that the trial court erred in admitting in evidence, over the defendant's objection, a "proposal" by the plaintiff to construct a house for a certain price. The proposal was not signed although spaces were provided for the signatures of the contractor and the owner. An examination of the record does not disclose that the purpose for which such evidence was

admitted was limited in any way by the trial court, either by instructions to the jury at the time the evidence was admitted or in the charge to the jury.

In *Denton* v. *Etheridge,* 73 *Ga. App.* 221 (2) (36 S. E. 2d 365), it was said: "The duplicate copy of the unsigned agreement was not admissible in evidence as the written contract between the parties, but was admissible only for the purpose of corroborating the plaintiff as to what he contended the alleged oral contract to be; . . ." It was then held to be reversible error to admit such evidence without limiting its application, and the defendant contends that inasmuch as the application of the evidence, which was admitted over objection, was not limited in the present case, either by instructions to the jury when the evidence was admitted or in the charge to the jury, that a new trial is demanded under such decision.

"If evidence is admissible for any purpose, its admission will not cause a new trial. If the purpose for which the jury can consider such evidence is limited, this furnishes matter for instruction to the jury. An omission of the court to instruct the jury as to the purpose for which they could consider such testimony will not require a new trial, in the absence of an appropriate request for that purpose. *Moorefield* v. *Fidelity Mutual Life Ins. Co.,* 135 *Ga.* 186 (3), 187 (69 S. E. 119); *Baldwin* v. *State,* 138 *Ga.* 349 (3), 350 (75 S. E. 324)." *Purvis* v. *Atlanta Northern Ry. Co.,* 145 *Ga.* 517, 519 (89 S. E. 571).

Therefore, it appears that a conflict exists between *Denton* v. *Etheridge,* supra, and *Purvis* v. *Atlanta Northern Ry. Co.,* supra, but such apparent conflict vanishes when a closer examination of *Denton* v. *Etheridge,* relied on by the defendant is made. The body of the opinion in that case reveals that, at the time the evidence was admitted over objection, the judge stated that the jury would be charged with reference to such evidence. Accordingly, the need for a proper request to charge under such circumstances disappeared for after a trial judge, has of his own accord, stated that he would charge on a specified matter it would indeed be a useless thing to require counsel to present a proper written request to charge on such subject; and the law does not require a useless thing.

The evidence was admissible for the purpose of corroborating

the plaintiff's testimony as to what the oral contract between the parties was, and if the defendant desired to have the application of such evidence limited, a proper written request to charge should have been submitted. There is no merit in this special ground of the motion.

■ In special ground 2 the defendant excepts to the admission in evidence of a document admittedly prepared by the defendant's husband, her agent, on the ground that it was inadmissible because it was an offer to compromise. This document shows, among other things, the base contract price between the parties to be as alleged by the plaintiff. The evidence shows that this document was prepared a few days after the plaintiff presented his final billing to the defendant after completing the construction of the house.

" 'An admission of liability contained in an offer to settle, brought about by a simple demand for settlement, is not inadmissible on the ground that such admission was "made with a view to a compromise," when there is nothing whatever to indicate that there has been an effort to compromise, and when it cannot be inferred from the circumstances under which the offer was made that there has been such an effort.' *Teasley* v. *Bradley*, 110 *Ga.* 497 (6), 506 (35 S. E. 782, 78 Am. St. R. 113); *Akers* v. *Kirke*, 91 *Ga.* 590 (3) (18 S. E. 366)." *Hening & Hagedorn* v. *Glanton*, 27 *Ga. App.* 339 (2) (108 S. E. 256). There was no evidence in the record tending to show that this document was prepared by the defendant's husband, her agent, in an effort to "compromise." Accordingly, the trial court did not err in admitting this document in evidence over objection.

■ The remaining special ground is but an insistence on the general grounds, and will not be considered separately.

The evidence was uncontradicted that there was a contract under which the plaintiff was to build a house for the defendant, that such house was built, and that extras were included in the house for which the defendant was to pay the plaintiff on the basis of the plaintiff's actual cost for such items plus ten per cent profit. The evidence as to what the contract price was, what was included in the base contract, and what the defendant was indebted to the plaintiff for as extras, was in sharp conflict, as was the evidence with respect to the defendant's contention that

the plaintiff was indebted to her because certain of the work was done defectively. When the evidence is construed most strongly in favor of the verdict, as must be done in considering the general grounds of a motion for new trial, it cannot be said that there was not some evidence on which the jury's verdict was authorized. Accordingly, the general grounds of the motion for new trial are without merit, and the trial court did not err in denying the amended motion for new trial.

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. I wish to state separately my views on special ground 2 of the amended motion for new trial considered in division 2 of the opinion.

I recognize that statements of facts or admissions made in an offer to settle are admissible in evidence, and that admissions or statements made in the spirit of compromise in an offer of compromise are not admissible, and I further recognize that an independent statement of fact made in an offer to compromise made solely as an independent statement of fact is admissible to show an admission of such independent statement only (the jury's consideration of which must be restricted to the independent statement of fact and not the elements of compromise by proper instructions by the court) (*Mayor &c. of Columbus* v. *Howard*, 6 *Ga.* 213, 217 (2); *Blakely Hardwood Lumber Co.* v. *Reynolds Bros. Lumber Co.*, 173 *Ga.* 602, 606, 607 (160 S. E. 775); however, I do not feel that the above principles of law are applicable in the present case because plaintiff's Exhibit No. 9 was neither an offer to settle nor an offer to compromise. An "offer to settle" is an offer to settle upon certain terms a claim that is unquestioned, while an "offer to compromise" is an offer or proposition to compromise a doubtful or disputed claim. *Teasley* v. *Bradley*, 110 *Ga.* 497, 507· (35 S. E. 782, 78 Am. St. R. 113). The document under consideration and the evidence concerning such document and the circumstances surrounding its execution show that it was merely a statement of the defendant's contentions as to the status of their mutual accounts, and nowhere was there an admission on the part of the defendant that there existed an undisputed claim, or an admission by the defendant that she owed the plaintiff any money under any

claim or an offer to settle such claim on any certain terms. Nor was there any evidence that such document was offered in a spirit of compromise as to a doubtful or disputed claim. The defendant testified that, at the time the document was drawn up and. submitted to the plaintiff, she had actually overpaid the plaintiff and the plaintiff owed her the sum of such overpayment. The document was introduced for the sole purpose of showing that the defendant's agent had made a statement in the document which was contrary to statements made by the defendant on the stand. This whole controversy arose out of a dispute as to the terms of a building contract entered into by the plaintiff and the defendant through the defendant's authorized agent. The plaintiff contended that the contract was that he was to do certain enumerated work on the house for a stated sum of $29,500 and that the parties agreed that in building the house the plaintiff would include certain "extras" which the defendant agreed to pay the plaintiff on a "cost-plus ten per cent basis." The defendant contends that the basic price for the construction of the house was $29,750 which included all the work called for in the plans and specifications of the house and that the defendant would pay the plaintiff for certain "extras" which were not contained in the plans and specifications. The immediate dispute between the parties was whether certain items of extras were extras which the plaintiff contends came within the cost-plus ten per cent agreement as contended by the plaintiff or whether those same extras were not the true extras which the defendant agreed to pay but were actually contained in the plans and specifications which were covered by the basic price of $29,750 as contended by the defendant. The defendant testified throughout the trial that the basic contract price between the parties was $29,750 and denied that that basic price was $29,500. The plaintiff testified throughout the trial that the basic price was $29,500. In the document labeled plaintiff's Exhibit No. 9, which we think was a mere statement of the status of the mutual accounts between the parties as contended by the defendant, the defendant's agent made the statement that the basic price in the building contract was $29,500, which statement was in conflict with the defendant's testimony. As stated above, the sole purpose for introducing

this document by the plaintiff was to show that contradiction for impeachment purposes, and for the reasons stated above the document was clearly admissible for this purpose.