## 49792. GORDON v. GORDON et al.

WEBB, Judge.

It has been said, "The wheels of justice grind exceeding slow." The automobile collision which constitutes the basis of the case sub judice occurred in Chatham County on December 29, 1965, and the complaint was filed December 14, 1967. Summary judgment dismissing certain defendants was entered in December, 1968. Subsequently there was a mistrial, the court granted the motion of one of the defendants for judgment notwithstanding the mistrial, later sustained a motion for dismissal of the other defendant, the case came to this court in March of 1972, this court reversed the trial court on May 23, 1972 (*Gordon v. Carter,* 126 Ga. App. 343 (190 SE2d 570)), the case was tried again with a verdict and judgment for the defendants entered August 23, 1972, and appeal has been made again to this court. The enumeration of errors was filed here August 22, 1974, it having taken two years for the transcript and record to be finished and submitted. Now the case is here for the second time, involving an alleged tort that occurred nearly nine years ago. The facts of the case are as set forth

in *Gordon v. Carter,* 126 Ga. App. 343, supra, and will not be repeated here, except for this addition: the unidentified vehicle between the Gordon pick-up and the Carter milk truck had no tail light, and its driver whipped off the right side of the highway as the Gordon vehicle slowed down considerably or stopped.

Earl Gordon, the injured party and plaintiff, in making this appeal enumerates four errors, and these will be treated seriatim.

1. The first is that the trial court committed error in overruling Earl Gordon's objection to defendant's questions regarding Earl's financial standing, that is, whether he receives a pension from the civil service, since the financial standing of the parties should not be admitted into evidence, and this was harmful and prejudicial.

Earl Gordon testified on cross examination that he hurt his back in 1968 (three years after this auto collision) by falling backwards over a telephone pole, and that he was hospitalized and had an operation on his back for that injury. The court overruled objections to questions by defense counsel on cross examination inquiring "As result of that [injury in 1968] you are now retired with a medical disability from Civil Service, aren't you?" "What is your status with civil service?" "On what basis are you retired?" and "Do you receive a disability pension as a result of an injury you received at Fort Stewart on the job in 1968?"

Plaintiff contends that whether he received a pension or not had nothing to do with the issues at bar and was an attempt to show that the plaintiff did not need compensation. Defendant's counsel responded at the time of the objections to the several questions. "[I]t is connected with his injuries. Now, we have had, if not an exact statement throughout this trial, we've had an intimation or an implication that this man is permanently and totally disabled as a result of things that were caused by this automobile accident . . . The purpose of the question is to show that if this man is under any disability today, physical disability, it was caused from this accident of 1968 when he fell backwards over a telephone pole while working for civil service. . . The purpose of my question

was not to inquire into the wealth or riches of the plaintiff. The purpose . . . is to demonstrate, if I may, and which I think I may, his physical condition resulting from an injury that this man had [which] these defendants had nothing to do with."

The right of cross examination, thorough and sifting, shall belong to every party as to witnesses called against him. Code § 38-1705. This "right of cross examination should not be restricted, especially where the witness is the opposite party seeking to recover damages on the basis of his own testimony. When, therefore, a suit was brought to recover against a railroad on account of permanent injuries alleged to have been caused by the negligent running of its trains, and as part of the injury, the plaintiff claimed that his nervous system was wrecked, it was admissible, on cross examination, to prove his skill as a billiard player." *Gamble v. Central Railroad,* 74 Ga. 586 (3).

"The general rule is that evidence of the wealth or worldly circumstances of a party litigant is never admissible, except in those cases where position or wealth is necessarily involved." *Northwestern University v. Crisp,* 211 Ga. 636, 641 (88 SE2d 26); *Smith v. Satilla Pecan Orchard &c. Co.,* 152 Ga. 538 (3) (110 SE 303).

Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it. *Fidelity & Deposit Co. v. Nisbet,* 119 Ga. 316 (4) (46 SE 444); *Mutual Ben. Health & Acc. Omaha v. Hickman,* 100 Ga. App. 348, 365 (111 SE2d 380); *Renfroe v. State,* 54 Ga. App. 215 (2) (187 SE 624); *Orr v. Dawson Telephone Co.,* 35 Ga. App. 560 (2) (133 SE 924).

It was certainly admissible for the purpose stated, to show that the plaintiff had suffered an injury in 1968 since the time of his alleged injury in the motor vehicle collision in 1965, that from the 1968 injury resulting disability brought about his retirement for which he received a disability pension. An issue in the case was the extent of the plaintiff's injuries, and by whom caused. A party is entitled to cross examine a witness offered by the opposite party on any relevant or material matter, notwithstanding such cross examination may prove to be prejudicial to the party offering the witness. *Ludwig v. J.*

*J. Newberry Co.,* 78 Ga. App. 871 (1a) (52 SE2d 485).

Furthermore, the failure of the court, in the absence of a written request, to limit the application of evidence admissible for any purpose is not error, and this ground urged by the plaintiff is without merit. *Jackson v. State,* 204 Ga. 47 (3), 57 (48 SE2d 864); *Mutual Ben. Health &c. Assn. v. Hickman,* 100 Ga. App. 348, 365, supra; *Swanson v. Hodges,* 96 Ga. App. 540 (1) (101 SE2d 212).

2. The second and third grounds are that the court erred in charging the theory of emergency because the facts did not support a charge on emergency, and that the charge given was argumentative and prejudicial to the plaintiff.

The trial court's charge on emergency was: "A driver of a motor vehicle who is confronted with a sudden emergency, not created or arising from his own fault, will not be held to have failed to exercise ordinary care if he exercises his right to take care of himself and avoid death or bodily injury provided he acts . . . with such care as an ordinary prudent person would exercise. In this connection, I charge you that if you believe from the evidence in this case that Leslie Gordon or David L. Carter was confronted with a sudden emergency when the vehicle in front of him stopped or began stopping and when, confronted with such an emergency, he elected to maintain his vehicle on the highway and apply his brakes to avoid striking the vehicle in front of him and if you should conclude from the evidence that such action on his part was the act of an ordinarily prudent person, then he would not be liable for taking such action provided the so-called emergency was not created or did not arise from the fault of the party so acting.

"On that same connection, I'll say to you that when a driver of a motor vehicle is confronted with a sudden emergency not of his own creation, he is not liable for his failure to exercise good judgment under the circumstances, but is only liable when he fails to exercise ordinary care and diligence under the . . . all the circumstances surrounding the incident."

The evidence in the case not only authorized, but indeed required, a charge on emergency, and the charge was appropriate. "[W]hether an emergency existed or not,

that issue, like all questions of diligence, negligence, contributory negligence and proximate cause except in plain and indisputable cases, was a question for determination by the jury. [Cits.]" *Ware v. Alston,* 112 Ga. App. 627, 630 (145 SE2d 721); *Hieber v. Watt,* 119 Ga. App. 5, 10 (165 SE2d 899).

"The driver of an automobile, when confronted with a sudden peril (not arising from any fault of his own), will not be held negligent when he exercises his right to take care of himself and thus avoid death or bodily injury, provided he acts with such care as an ordinarily prudent person would exercise. This rule of law comes within the purview of self-defense, that is, self-protection against injury, and is but a phase of self-preservation which is said to be the first law of nature. [Cits.] Thus, in protecting himself against a sudden peril created by a hog, the driver of the automobile, even though he injured another person (a guest) who did not in any way contribute to the condition creating the emergency, was justified and not negligent, provided, of course, he was not the cause of the sudden peril." *Cone v. Davis,* 66 Ga. App. 229 (2) (17 SE2d 849); *Everett v. Clegg,* 213 Ga. 168, 169 (97 SE2d 689); *Atlanta Metallic Casket Co. v. Hollingsworth,* 104 Ga. App. 154, 165 (121 SE2d 388); *Cruse v. Taylor,* 89 Ga. App. 611, 617 (80 SE2d 704); *Whitfield v. Wheeler,* 76 Ga. App. 857, 860 (47 SE2d 658); *Doby v. W. L. Florence Constr. Co.,* 71 Ga. App. 888, 895 (32 SE2d 527).

"An emergency is 'an unforeseen occurrence or combination of circumstances which calls for immediate action or remedy; pressing necessity; exigency,' and *whether or not an emergency exists under a given state of facts is a question for the jury.* (Emphasis supplied.)

" 'A person threatened with an imminent danger is not held to the same circumspection of conduct that he would be held to if he were acting without the compulsion of the emergency. A person has a right to choose even a dangerous course, if that course seems the safest one under the circumstances.' " *Pollard v. Weeks,* 60 Ga. App. 664 (1 d, e) (4 SE2d 722).

We find no merit in the contention that the charge was argumentative, and there do not appear any statements, taking the charge as a whole and in context,

from which it could be said properly that the trial court was expressing an opinion.

3. There likewise is no merit in plaintiff's contention that the trial court erred in charging the jury on the theory of accident. "Accident" was one of the defenses pleaded by the defendants, and having been put in issue, the charge on that subject was authorized. *Hieber v. Watt,* 119 Ga. App. 5, 10, supra; *Pickering v. Wagnon,* 91 Ga. App. 610, 613 (86 SE2d 621).

"An accident, as the term is used in connection with cases of this character, means an injury which occurs without being caused by the negligence of either the plaintiff or the defendant . . . A charge that if the injury resulted from an accident, and neither party was at fault, there can be no recovery, is in the nature of an elaboration or additional statement of the proposition that the defendant is not liable if it is without fault." *Savannah Electric Co. v. Jackson,* 132 Ga. 559, 563 (64 SE 680). See *Ware v. Alston,* 112 Ga. App. 627 (2), 630, supra, and citations, also the extensive treatment in 80 ALR2d 5-165.

Finis sit litium.

*Judgment affirmed. Pannell, P. J., concurs. Evans, J., concurs specially.*

ARGUED OCTOBER 3, 1974 — DECIDED NOVEMBER 19, 1974 — REHEARING DENIED DECEMBER 13, 1974 — ■

*Richard D. Phillips,* for appellant.
*Jones, Osteen & Jones, Charles M. Jones, John W. Underwood,* for appellees.

EVANS, Judge, concurring specially.

I concur in the judgment affirming the lower court; and in all that is said in the opinion except that part of Division 3, which discusses enumeration of error number three, and holds that the charge was not argumentative. I believe the charge of the trial judge was argumentative and that if proper objection had been made thereto, as is required under Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078), a new trial

should have resulted.

Pertinent portions of the charge to which exceptions are taken are as follows: "In this connection, I charge you that if you believe from the evidence in this case that Leslie Gordon or David L. Carter was confronted with a sudden emergency when the vehicle in front of him stopped or began stopping and when, confronted with such an emergency, he elected to maintain his vehicle on the highway and apply his brakes to avoid striking the vehicle in front of him and if you should conclude from the evidence that such action on his part was the act of an ordinarily prudent person, *then he would not be liable* for taking such action provided the so-called emergency was not created or did not arise from the fault of the party so acting." (Emphasis supplied.)

None of the conduct above called into play the rule of negligence per se, that is, violation of a statute. Our courts have held time and again that it is error to charge as to what acts constitute negligence, unless the conduct amounts to negligence per se, and as to what acts will authorize one of the parties in the case to prevail.

In *Savannah Electric Co. v. Joseph,* 25 Ga. App. 518 (2) (103 SE 723), it is held that: "It is not the duty of the trial judge to instruct the jury as to what facts constitute negligence. In *Savannah Electric Co. v. Johnson,* 25 Ga. App. 517 (1) (103 SE 798), it was held that: ". . . where a certain state of facts proved by the evidence did not demand the inference that the plaintiff's injury was caused by the defendant's negligence, it was error to instruct the jury that, should they believe such facts to be true, they would be authorized to find for the plaintiff." In *Augusta-Aiken R. & Elec. Corp. v. Andrews,* 20 Ga. App. 789 (2) (93 SE 543), it is held that: "An instruction to the jury, that if they should find from the evidence that at the time the injury was received a given state of facts existed, the defendant would be liable, is error, when the facts enumerated are not such as would constitute negligence per se . . ."

In *Watson v. Riggs,* 79 Ga. App. 784, 785 (54 SE2d 323), it is held: "A trial judge may not tell a jury what acts would or would not constitute negligence unless the acts have been declared by statute to be negligent. *Savannah,*

*Florida &c. R. Co. v. Evans,* 115 Ga. 315 (41 SE 631, 90 Am. St. R. 116); *Atlanta & W. P. R. Co. v. Hudson,* 123 Ga. 108 (51 SE 29)." And in *Atlantic C. L. R. Co. v. McDonald,* 135 Ga. 635, 636 (6) (70 SE 249), it is held: "Except where a particular act is declared to be negligence, either by statute or valid municipal ordinance, the judge should not instruct the jury what ordinary care requires should be done in a particular case ... (citing cases) ... The error in the charge complained of was sufficient to require the grant of a new trial."

But in the case sub judice, the plaintiff did not give the trial judge proper notice of what objection he was interposing to this language in the charge, whereby a correction might be made. He made a very lengthy objection to this excerpt, mainly on the ground that emergency was not involved in the case, and then said: "We say that this is argumentative in that it was applied to a *specific fact situation.*" Of course, the charge applied to a "specific fact situation," as is true of much of the language in every charge. If plaintiff had objected upon the ground that the charge was argumentative *in that it instructed the jury that certain conduct on the part of a defendant would render him not liable for taking such action,* and that it therefore invaded the province of the jury in such respect, then his objection would have met the test laid down in Code Ann. § 70-207 and in the decisions based thereon, including the case of *Black v. Aultman,* 120 Ga. App. 826 (1) (172 SE2d 336), citing *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (1) (149 SE2d 393), which has been partially disapproved as being too broad in requiring a correct instruction in place of that objected to in *A-1 Bonding Service v. Hunter,* 125 Ga. App. 173, 179 (4 b), (186 SE2d 566).